# PICKELSIMER *v.* WAINWRIGHT, CORRECTIONS DIRECTOR.

No. 16, Misc.   Decided October 14, 1963.*

Petitioners *pro se.*

*Richard W. Ervin,* Attorney General of Florida, and *A. G. Spicola, Jr.,* Assistant Attorney General, for respondent in No. 16, Misc., No. 60, Misc., and No. 70, Misc. *Richard W. Ervin,* Attorney General of Florida, and *George R. Georgieff,* Assistant Attorney General, for respondent in No. 36, Misc., No. 54, Misc., and No. 87, Misc. *Richard W. Ervin,* Attorney General of Florida, and *James G. Mahorner,* Assistant Attorney General, for respondent in No. 55, Misc., No. 62, Misc., No. 71, Misc., and No. 86, Misc.

PER CURIAM.

The motions for leave to proceed *in forma pauperis* and the petitions for writs of certiorari are granted.   The

---

*Together with No. 36, Misc., *Mihelcich v. Wainwright, Corrections Director;* No. 54, Misc., *Cowan v. Wainwright, Corrections Director;* No. 55, Misc., *Dumond v. Wainwright, Corrections Director;* No. 60, Misc., *Sharp v. Wainwright, Corrections Director;* No. 62, Misc., *Baker v. Wainwright, Corrections Director;* No. 70, Misc., *Heard v. Wainwright, Corrections Director;* No. 71, Misc., *Campbell v. Wainwright, Corrections Director;* No. 86, Misc., *Mitchell v. Wainwright, Corrections Director;* and No. 87, Misc., *Kitchens v. Wainwright, Corrections Director,* all on petitions for writs of certiorari to the Supreme Court of Florida.

judgments are vacated and the cases are remanded to the Supreme Court of Florida for further consideration in light of *Gideon* v. *Wainwright,* 372 U. S. 335.

MR. JUSTICE HARLAN, dissenting.

I am unable to agree with the Court's summary disposition of these 10 Florida cases, and believe that the federal question which they present in common is deserving of full-dress consideration. That question is whether the denial of an indigent defendant's right to court-appointed counsel in a state criminal trial as established last Term in *Gideon* v. *Wainwright,* 372 U. S. 335, overruling *Betts* v. *Brady,* 316 U. S. 455, invalidates his pre-*Gideon* conviction.

When this Court is constrained to change well-established constitutional rules governing state criminal proceedings, as has been done here and in other recent cases, see, *e. g., Mapp* v. *Ohio,* 367 U. S. 643; *Ker* v. *California,* 374 U. S. 23; *Douglas* v. *California,* 372 U. S. 353, it seems to me that the question whether the States are constitutionally required to apply the new rule retrospectively, which may well require the reopening of cases long since finally adjudicated in accordance with then applicable decisions of this Court, is one that should be decided only after informed and deliberate consideration. Surely no general answer is to be found in "the fiction that the law now announced has always been the law." *Griffin* v. *Illinois,* 351 U. S. 12, 26 (Frankfurter, J., concurring). Nor do I believe that the circumstance that *Gideon* was decided in the context of a state collateral proceeding rather than upon direct review, as were the new constitutional doctrines enunciated in *Mapp* and *Ker,* forecloses consideration of the retroactivity issue in this instance.[1]

---

[1] The Court's opinion in *Gideon* contains no discussion of this issue. Similarly, in cases decided last Term in which we summarily vacated

4

In the current swift pace of constitutional change, the time has come for the Court to deal definitively with this important and far-reaching subject.[2] Without intimating any view as to how the question should be decided in these cases, I would set one or more of them for argument.[3]

---

the judgment and remanded for further consideration in light of *Gideon, e. g., Bryant* v. *Wainwright,* 374 U. S. 492, the question of retroactivity was not treated in the dispositions.

[2] Such cases as *Eskridge* v. *Washington State Prison Board,* 357 U. S. 214, and *Norvell* v. *Illinois,* 373 U. S. 420, hardly constitute precedents for a rule of general application.

[3] In all but two of these cases, the State suggests that the judgments can be supported on an adequate independent state ground, even though the Florida Supreme Court denied relief without hearing or explanatory opinion, and despite the apparent concession in Nos. 36 and 87 that the state court did face the federal question and rule adversely to the petitioners. It is abundantly clear that each of the state grounds suggested is either plainly unavailing or so tenuous that it would be disrespectful of the Florida Supreme Court to regard it as the basis of that court's judgment. Cf. *Klinger* v. *Missouri,* 13 Wall. 257; *Adams* v. *Russell,* 229 U. S. 353, 358–359; *Williams* v. *Kaiser,* 323 U. S. 471, 478–479. Accordingly, I am satisfied that the federal question is properly before this Court in all of the cases.