169 So.2d 313

**Hillery O. BARNES**

v.

**STATE.**

I Div. 995.

Court of Appeals of Alabama.

Oct. 6, 1964.

Rehearing Denied Oct. 27, 1964.

Hillery O. Barnes, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment denying relief under a petition for a writ of error coram nobis.

The sole question is: Does Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, have retroactive effect?

The circuit judge ruled, "No."

Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, was expressly overruled in Gideon v. Wainwright. Moreover, Betts v. Brady did not hold that out and out denial of counsel in a noncapital case was permissible. Rather, if the trial court had made a bona fide effort to ascertain whether the defendant needed counsel, then the Fourteenth Amendment would not bar conviction.

Gideon's case was by way of post conviction habeas corpus filed two years after judgment.

We hold Gideon v. Wainwright works retrospectively. See dissent of Harlan, J., in Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41.

The judgment below is reversed and the cause remanded for proceedings consistent herewith.

Reversed and remanded.