170 So.2d 504

**Wallace Allen BROWN**

v.

**STATE of Alabama.**

**2 Div. 465.**

Supreme Court of Alabama.

Jan. 7, 1965.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

Wallace Allen Brown, pro se.

LAWSON, Justice.

This is a petition for writ of certiorari filed by the State of Alabama through its Attorney General to reverse the judgment of the Court of Appeals in the case of Brown v. State of Alabama.

Brown was indicted in the Fall of 1960 by a grand jury of Sumter County of the offense of burglary. On or about October 12, 1960, Brown entered a plea of guilty to the offense of burglary in the second degree. Judgment of guilt was duly entered and Brown was sentenced to a term of five years imprisonment in the penitentiary.

On July 25, 1963, Brown filed in the Circuit Court of Sumter County a petition for writ of error coram nobis wherein he attacked his conviction and sentence on the ground, among others, that he "was forced to plead guilty because he did not have the assistance of counsel for his defense."

After a hearing at which Brown was represented by counsel, the trial court rendered a judgment denying the relief sought by Brown in his petition for writ of error coram nobis. From that judgment Brown appealed to the Court of Appeals, which court on October 6, 1964, reversed . the judgment of the Circuit Court of Sumter County. The Court of Appeals rendered its judgment of reversal without an opinion by placing on the record the following entry: "October 6, 1964. Reversed and Re-

manded on the Authority of Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L. Ed.2d 41. Per Curiam. No op." Application for rehearing filed in the Court of Appeals by the State having been overruled, the State has filed in this court a petition for writ of certiorari.

■■ The threshold question is whether this court can review the judgment of the Court of Appeals because that court failed to render an opinion in support of its action. We have said in many cases that where the Court of Appeals does not render an opinion, a review by this court cannot be undertaken. Smith v. State, 241 Ala. 99, 1 So.2d 313; Honeycutt v. State, 264 Ala. 70, 84 So.2d 362, and cases cited; Crawford v. State, 276 Ala. 98, 159 So.2d 457.

But in State v. Parrish, 242 Ala. 7, 5 So. 2d 828, we said that where the question as to the correctness of the judgment of the Court of Appeals is primarily a federal question, it "must be determined from the whole record before us on petition for certiorari," irrespective of the fact that the Court of Appeals did not write an opinion. See Espey v. State, 263 Ala. 207, 82 So.2d 270; Lindsay v. State, 273 Ala. 325, 139 So. 2d 119.

It appears from the judgment of the Court of Appeals here sought to be reviewed that a federal question is presented, for that judgment shows that the reversal of the Court of Appeals of the judgment of the Sumter Circuit Court was predicated solely on the authority of a decision of the Supreme Court of the United States, Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41.

The Pickelsimer case is one of ten cases which the Supreme Court of the United States reversed and remanded to the Supreme Court of Florida for further consideration in light of the holding of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733. The Per Curiam decision of the Supreme Court of the United States in Pickelsimer and re-

lated cases does not show the nature of the question presented. But the dissenting opinion of Mr. Justice Harlan shows that the question was whether the denial of an indigent defendant's right to court-appointed counsel in a state criminal trial, as established in Gideon v. Wainwright, supra, invalidates his pre-Gideon conviction. The action of the Supreme Court in reversing and remanding the Pickelsimer case and related cases shows that the question was answered in the affirmative. The Court of Appeals of Alabama in Barnes v. State, 169 So.2d 313, expressed the same view. We denied certiorari ante p. ——, 169 So.2d 313.

Since the Court of Appeals based its action in the case at bar on the Pickelsimer case, supra, it evidently found from the record that Brown was indigent at the time he was convicted of the offense of burglary in the second degree in the Circuit Court of Sumter County and that he was denied the right to State-appointed counsel.

■ We have gone to the record in accordance with our holding in State v. Parrish, supra, and we are constrained to hold that Brown was an indigent at the time he was convicted in the Circuit Court of Sumter County and that he was denied the right of court-appointed counsel.

It is without dispute in the record before us that Brown was not represented by counsel and that he was not able to employ counsel.

The State's contention here is that Brown was offered the services of court-appointed counsel and that he refused such services, thereby waiving his right to be represented by court-appointed counsel.

Brown testified at the coram nobis trial that he "wanted to talk to counsel but I didn't have any." He denied that the trial judge told him that if he wanted to go to trial he would appoint a lawyer for him. He said that the trial judge did not appoint a lawyer to represent him and did not offer to make such an appointment, although he asked for a lawyer.

One Leonard Harris, who was a co-defendant of Brown, testified that Brown did not have a lawyer, although he requested one.

The Circuit Clerk of Sumter County testified in the coram nobis trial that he was present at the time Brown was convicted of burglary in the second degree and that he did not hear Brown request an attorney; that he has never "heard" the trial judge "carry anybody to trial without a lawyer." He did not testify that Brown was asked whether he wanted a lawyer and answered in the negative.

A State criminal investigator was also a witness at the coram nobis trial. Both he and the circuit clerk were called by the State. He testified that he was present at the time Brown was sentenced; that he did not hear Brown demand a lawyer or say he wanted a lawyer; that he did not remember hearing the trial court advise Brown that if he wanted to go to trial the court would appoint a lawyer to represent him but that such was the trial judge's custom; that "every time a case has gone to trial in his court, the defendant has always had an attorney," in non-capital as well as capital cases.

The foregoing summary of the evidence does not in our opinion justify a finding that Brown "competently and intelligently waived" his right to court-appointed counsel (Gideon v. Wainwright, supra). The testimony of the State's witnesses perhaps supports an inference to the effect that because it was the custom of the trial judge to appoint counsel in all indigent cases where counsel is desired, that such an offer was made to Brown. We do not think that inference is sufficient to overcome the testimony of Brown and Harris to the effect that no such offer was tendered, although a request for counsel was made.

The writ of certiorari is denied.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.