Frank M. WILLIAMS, Appellant,

v.

STATE OF ALABAMA, Appellee.

No. 21656.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1965.

Frank M. Williams, pro se.

Walter Mark Anderson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

WISDOM, Circuit Judge.

Frank Williams, a prisoner in Kilby Penitentiary, Alabama, in proper person appeals in forma pauperis from an order of the district court dismissing his petition for habeas corpus and denying an evidentiary hearing on the petition. The court below concluded that a full hearing was unnecessary because the State of Alabama had previously accorded the petitioner a full and fair coram nobis hearing on all the issues raised in this habeas corpus proceeding. Williams points out to us that he has no counsel, has a limited education, is unfamiliar with legal forms and phrases, has had a mental disorder for twenty years, and was insane at the time of his trial. In spite of these handicaps, he has managed to find a vital flaw in his conviction proceedings: he was deprived of the right to counsel when he was arraigned. The State counters that at his trial Williams

refused the court's offer to furnish counsel. Here and in the coram nobis proceeding the State failed to meet the thrust of the petitioner's contention. A review of the coram nobis proceeding shows that the State held an adequate post-conviction hearing and furnished Williams a competent attorney for that hearing. The coram nobis court either failed to consider the effect of Williams's not having counsel at arraignment or it assumed that the petitioner's refusal of proffered counsel at the trial had a retroactive effect. Apparently, the district court made the same error. We hold that even an intelligent waiver of timely offered trial counsel does not cure the constitutional infirmity of deprivation of defendant's right to counsel on arraignment in an Alabama court.

## I.

"[I]n a very real sense", Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and the other Supreme Court decisions of March 18, 1963, "like other landmark cases, only constitute 'points' from which 'boundaries' must be drawn and 'contours filled in.' "[1] In the case before us, the three points from which we draw our boundaries and fill in contours are: Hamilton v. State of Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

A. In Hamilton v. State of Alabama the Supreme Court held that an accused person in an Alabama state court has a fourteenth amendment right to counsel at his arraignment. In reaching this result the Court found, "Whatever may be the function and importance of arraignment in other jurisdictions, * * * in Alabama it is a critical stage in a criminal proceeding". The Court noted that:

"It is then that the defense of insanity [and certain other defenses] must be pleaded or the opportunity is lost. Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept is 'not revisable' on appeal." (Citations omitted.) 368 U.S. at 53, 82 S.Ct. at 158.

The Court held that in this situation, "[w]hen one pleads to a capital charge without benefit of counsel", and when available defenses may be "irretrievably lost, if not then and there asserted", the court will "not stop to determine whether prejudice resulted"; "[o]nly the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently". Cf. White v. State of Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, approving and quoting Hamilton, in which the Court carried back the right to counsel to a preliminary hearing, since it was a "critical stage in a criminal proceeding".

B. Hamilton and White were capital cases. Gideon, however, a felony case, has eliminated any distinction between a defendant's right to counsel when charged with murder and his right to counsel when charged with a lesser crime. This Court, giving full effect to Hamilton, White, and Gideon has held that the rationale for recognition of the right to counsel in felony cases, "does not depend on the often purely formal distinction between felonies and misdemeanors"; the rationale is applicable when "grievous consequences" attach to a plea of guilty to certain misdemeanors. Harvey v. State of Mississippi, 5 Cir. 1965, 340 F.2d 263.

---

1. Kamisar, Book Review, 78 Harv.L.Rev. 478, 485, (1964) reviewing Lewis. Gideon's Trumpet (1964). On the right to counsel, see Kamisar, "Betts v. Brady Twenty Years Later: The Right to Counsel and Due Process Values," 61 Mich.L.Rev. 219, 272ff (1962); Comment, "Waiver of the Right to Counsel in State Court Cases; The Effect of Gideon v. Wainwright, 31 U. Chicago L. Rev. 591, 592ff (1964); Comment, "The Right to Counsel Prior to Trial in State Criminal Proceedings", 17 U. Miami L. Rev. 371, 377–378 (1963).

Alabama courts have followed Hamilton and Gideon in a felony case in which a convicted defendant in coram nobis proceedings contended that he was deprived of counsel at arraignment. In Tucker v. State, 1963, 42 Ala.App. 174, 157 So.2d 229; cert. den'd 275 Ala. 700, 157 So.2d 229, the Alabama Court of Appeals, citing Hamilton and Gideon, held:

"On arraignment it affirmatively appears that the defendant was without counsel. No waiver appears. * * * [W]e consider the judgment below is required to be reversed and the cause there remanded for a new trial."

In his coram nobis petition Williams alleged that one of the questions at issue was whether he was deprived of a "right guaranteed by the law * * * when upon arraignment, petitioner was without counsel". Williams cited both Hamilton and Tucker in his petition. Here was a signpost large enough for any court to find and read.

■ C. "By far the most important and most perplexing problem in the law of federal habeas corpus is determining what circumstances require the granting of a fact-finding hearing by the district judge." [2] Townsend v. Sain, departing from the discretionary approach applied in Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, established certain criteria for the mandatory granting of habeas hearings. We agree with the district judge's decision that Alabama has given Williams a full and fair evidentiary hearing; we do so because the record clearly supports Williams's contention that he was deprived of counsel when he was arraigned.

Hamilton was decided November 13, 1961, just about a year after Williams was arraigned. In denying Williams's request for counsel, the presiding circuit judge was following the customary procedure in Alabama courts of not appointing counsel at the time of arraignment. Judge Douglas Stanard, presiding judge when Williams was arraigned testified:

"Q. Was it your practice, Judge Stanard, when you were on the bench handling criminal arraignments not to appoint attorneys to represent defendants at the time of their arraignments in non-capital cases?

"A. That is correct. You mean just on motions—of my own motion to appoint? It wasn't even my practice at the time to ask them did they want a lawyer to be appointed. At that time there wasn't any decision; that, I understand has been rendered recently—relative to that. I never did ask them would they want a lawyer appointed, I just presumed that they had one or were going to get one."

Hamilton holds that in a capital case an Alabama defendant need not show that he was prejudiced by his lack of counsel at arraignment; Gideon holds that in a non-capital case a defendant deprived of counsel at his trial need not show prejudice. The instant case is an *a fortiori* case, since the record shows that Williams *was* prejudiced by having no counsel at arraignment to plead the defense of insanity. A substantial part of the coram nobis hearing is taken up with testimony and medical records that Williams was insane before and after arraignment, and at the time of his trial. He would have been entitled to relief even under the "special circumstances" rule of Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

II.

■ The State assumes, without articulating the argument, that Williams lost his right to counsel at arraignment when he waived his right to counsel at his trial. This argument overlooks the meaning of "waiver". A waiver, in any kind of a case, is an intentional relinquishment of an *existing* right. "The

2. Sofaer, Federal Habeas Corpus for State Prisoners: The Isolation Principle, 39 N.Y.U. L.Rev. 78, 104 (1964).

right * * * allegedly waived *must be in existence* and be known to exist by the party possessing it * * *." Chambers & Co. v. Equitable Life Assurance Soc., 5 Cir. 1955, 224 F.2d 338, 345. (Emphasis supplied.) "Waiver" is sometimes defined as "an agreement to forego some advantage which the party waiving might at his option have demanded." Helvering v. Ethel D. Co., 1934, 63 App. D.C. 157, 70 F.2d 761, 763. A present or future right can be waived, but not a right already lost. Here, for example, at his *trial* Williams could not waive his right to counsel at *arraignment;* then it did not exist. Williams's waiver of counsel at his trial could not operate prospectively to deprive him of a right to counsel on appeal or at a second arraignment (Chessman v. Teets, 1957, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253); nor could his waiver operate retrospectively to deprive him of a right he was no longer in a position to exercise.

A defendant who is deprived of effective representation at a critical stage does not waive his right to counsel if, later, he declines to accept ineffective counsel appointed by the court. Arellanes v. United States, 9 Cir. 1964, 326 F.2d 560. And a co-defendant who is deprived of separate counsel does not waive his right to separate counsel, if he should later waive his right to joint counsel appointed by the court. People v. Douglas, Cal. 1964, 38 Cal.Rptr. 884, 392 P.2d 964. The waiver occurs *after* the accused has already lost his right to separate counsel. The right to counsel upon trial is distinct from the right to counsel upon arraignment, and neither should be confused with the right to effective representation at any other "critical stage", such as during interrogation after arrest. See Massiah v. United States, 1964, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

The rationale of Hamilton v. Alabama clashes with the argument that waiver of counsel at trial includes a retroactive waiver of the right to counsel at arraignment. The defendant in Hamilton had counsel at his trial. But that did not cure the lack of counsel at his arraignment. In Hamilton, as in this case, the damage had already been done; Humpty Dumpty could not be put together again. If the defect of lack of counsel at arraignment cannot be cured by later appointment of counsel, it cannot be cured by later waiver of counsel.

As the Supreme Court has often cautioned, waiver of a constitutional right must be construed narrowly. " '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * we 'do not presume acquiescence in the loss of fundamental rights.' " Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466–1467. We cannot lightly presume that the accused has waived his right to counsel. Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

We hold, therefore, that when Williams refused to accept the services of the particular attorney proffered him, even assuming arguendo that this refusal was a valid waiver of trial counsel, such waiver could have no effect on the earlier deprivation of his constitutional right to counsel upon arraignment.

III.

For the reasons stated in Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, we hold that the principles established in Hamilton and Gideon apply retroactively. "Despite the necessary involvement of what happened at a long-ago prosecution, the theory of habeas corpus makes the question for the court the present constitutionality of presently continuing detention." Meador, Habeas Corpus and the "Retroactivity" Illusion, 50 Va.L.Rev. 1115, 1119 (1965). The Alabama courts now agree that Hamilton and Gideon apply retroactively. Barnes v. State, 1964, Ala., 169 So.2d 313.

* * * * * *

All of the pertinent facts necessary for decision on the issue of the petitioner's right to counsel at arraignment were ably brought out by petitioner's counsel at the coram nobis hearing. It

is unnecessary therefore for the district court to conduct an evidentiary hearing.

' Accordingly, we reverse and remand with directions that the district court grant the writ of habeas corpus by an appropriate order consistent with this opinion and consistent with the right of the State of Alabama to rearraign and retry the petitioner.

Reversed and remanded.