**Wilson BANKS, Jr.**

v.

**J. Wayne ALLGOOD, Warden.**

**Misc. No. 809.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

July 27, 1965.

Wilson Banks, Jr., in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge.

On August 1, 1962, plaintiff, Wilson Banks, Jr., was arraigned before the Eighteenth Judicial District Court for the Parish of Iberville, Louisiana, on three separate bills of information (referred to therein as Wilfred Banks, Jr.), each charging him with simple battery. The minutes of that Court show that upon arraignment, plaintiff pleaded guilty to each charge and was immediately sentenced to nine years, one year, and one year respectively, the sentences to run consecutively.

After having exhausted all available State Court remedies, plaintiff filed this application for habeas corpus, on which an evidentiary hearing was held on July 12, 1965. The State responded to the show cause order issued by this Court by merely filing copies of the minutes of the Eighteenth Judicial District Court and alleging that petitioner is being held in accordance with the judgment and sentence of that Court. But there is no indication whatsoever in that record that plaintiff was ever advised of his right to be represented by counsel, nor is there any indication that he knowingly or intelligently waived that right. Plaintiff denies that he knew of his right to counsel and he steadfastly denies that he was ever advised by the Court of that right. The State in no way even attempts to refute plaintiff's testimony.

The mandate of the United States Supreme Court, as pronounced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), is clear and unambiguous. A defendant charged with the commission of a crime must be accorded the right to be represented by counsel. He must be advised by the Court of this right, and if he waives his right to counsel, such a waiver must be knowingly and intelligently made.

The United States Circuit Court, Fifth Circuit, has ordained in Williams v. State of Alabama, 341 F.2d 777 (C.A.5 1965) that Gideon applies retroactively, and this Court is, of course, bound by that pronouncement. Thus, it being uncontradicted that plaintiff was not accorded his federally guaranteed right to be represented by counsel during the proceedings had against him in the State Court, and there being no showing that he knowingly and intelligently waived that right, this Court is constrained to hold that the conviction of the plaintiff on August 1, 1962, and the sentences imposed upon him on that day, must be set aside and vacated as not having been imposed according to law. This does not necessarily mean that the plaintiff must be immediately set free. It simply means that unless the State elects to proceed against plaintiff in accordance with law within a reasonable time, say thirty (30) days, they must otherwise release him from custody. Judgment will be rendered accordingly.