179 So.2d 177

**Albert VARNER, Jr.**

v.

**STATE.**

**2 Div. 125.**

.Court of Appeals of Alabama.

Oct. 5, 1965.

Albert Varner, Jr., pro se.

Richmond M. Flowers, Atty. Gen., for the State.

PER CURIAM.

This is an appeal from a judgment of the Circuit Court of Marengo County denying appellant's petition for writ of error coram nobis.

On May 15, 1962, appellant entered a plea of guilty in the Circuit of Marengo County to a charge of assault with intent to murder. He was adjudged guilty of that offense on the same day and sentenced to a term of 20 years in the State penitentiary. Appellant attacked this conviction and sentence in his petition for writ of error coram nobis on the sole ground that he was denied right of counsel.

At the hearing on his petition, held on February 4, 1965, appellant testified that he was not represented by counsel and had no

legal assistance of any kind at his arraignment or trial; that he did not ask for counsel; that the court did not appoint or offer to appoint counsel to represent him; and that he was not financially able to employ counsel.

Charles Rentz, testifying on behalf of the State, stated that he has held the office of Clerk of the Circuit Court of Marengo County for more than ten years, and that he was serving in that office when appellant was sentenced. He testified that appellant's conviction occurred prior to the decision of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, and that although a defendant may have been represented by counsel prior to that decision, such counsel was listed on the docket in only a few cases. On cross-examination he testified that the record of appellant's case does not show whether appellant did or did not have counsel.

Thomas H. Boggs, Solicitor in Marengo County, a witness for the State, testified as follows on direct examination:

"MR. BOGGS: My name is Thomas H. Boggs, and I am Solicitor of the 17th Judicial Circuit, and I have held that office for approximately 19 years last past. I have many cases, and I can not recall the details of all of them, but I definitely remember an attorney—who he was, I don't know—talking to me, not once, but several times in behalf of Albert Varner. There were two cases, as the record shows there, against him for assault with intent to murder, and the agreement in the cases, which was carried out, he was given 20 years in one case and the other case was dismissed. I do not know who the attorney was, but I know it was the practice of the Court as late as 1962, if anybody wanted an attorney, which the Court takes judicial knowledge of, the Court appointed an attorney, and he would have an attorney to look after him from time to time, and the Court will take judicial knowledge of that. The record does not show whether he had an attorney or whether he did not. As shown by Mr. Rentz, it was not the practice at that time for the record to show whether a defendant was represented by attorney or not, but I definitely know that an attorney talked to me about this case for and on behalf of Albert Varner, not once, but several times. I can not recall who it was, but a settlement was made according to that agreement. Is there anything you want to ask me, Mr. Lowrey?"

■ The denial of an indigent defendant's right to court-appointed counsel in a state criminal trial, as established in Gideon v. Wainwright, supra, invalidates his pre-Gideon conviction. See Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L. Ed.2d 41; Brown v. State, 277 Ala. 353, 170 So.2d 504.

■ An indigent defendant's right to court-appointed counsel is denied, if he does not waive such right, where no counsel representing him is physically present in court at his arraignment or trial. See Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Knight v. State, 42 Ala.App. 672, 178 So.2d 101.

■ We do not think that the evidence in the record before us establishes that counsel was present in open court representing appellant at his arraignment or trial. There is no affirmative evidence in the record that appellant intelligently waived counsel. See Brown v. State, supra. Thus, we consider that the judgment below should be and the same is hereby.

Reversed and remanded.