**James R. DAVIS, Appellant,**

v.

**William C. HOLMAN, Warden of Kilby Prison, Montgomery, Alabama, Appellee.**

No. 22447.

United States Court of Appeals Fifth Circuit.

Dec. 27, 1965.

Rehearing Denied Jan. 19, 1966.

---

Melton Hill Tankersley (Court-appointed), Montgomery, Ala., for appellant.

Richmond Flowers, Atty. Gen. of Alabama, John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., Louie Lackey, Circuit Sol., Tuscaloosa, Ala., for appellee.

Before MARIS,* RIVES and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant's petition for habeas corpus was denied in the District Court without a hearing. The court was of the view that the state court, in a prior coram nobis proceeding, had fully and fairly received and considered all of the relevant facts underlying the allegation that appellant had been denied his federal constitutional right to counsel.[1] Davis v. Holman, Warden, M.D.Ala.1965, 237 F.Supp. 490.

Appellant was arraigned on April 3, 1961 in the Circuit Court of Tuscaloosa County, Alabama without counsel and pleaded not guilty to an indictment charging him with sodomy. He went to trial on April 17, 1961 without counsel. The trial progressed to the point where the state had rested its case. Appellant then changed his plea from not guilty to guilty and was sentenced to seven years. The record indicates that the plea followed a conversation between appellant and the prosecutor during a recess whereunder the prosecutor agreed to and did

---

\* Of the Third Circuit, sitting by designation.

1. See Pate v. Holman, 5 Cir., 1965, 341 F. 2d 764; and Allison v. Holman, 5 Cir., 1963, 326 F.2d 294, cert. den., 376 U.S. 957, 84 S.Ct. 979, 11 L.Ed.2d 975, on the Alabama coram nobis procedure as meeting the evidentiary hearing standard of

Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The record in the District Court and before us includes the transcript of the coram nobis hearing, complete with findings of fact and conclusions of law as well as the original state trial record.

recommend the seven year sentence. The crime of sodomy carries punishment of from two to ten years. Ala.Code, Title 14, § 106. Appellant was serving a sentence of three years on another conviction at the time and there was no appeal. It also appears that the act of sodomy took place in the Tuscaloosa jail, that it resulted from force and that an accomplice who joined appellant in the forcing process received the same sentence.

▪ Thereafter the petition for a writ of error coram nobis was filed in the state trial court. Appellant was represented by appointed counsel, with the judge who presided over the original trial again presiding. The petition was denied and dismissed. The court found as a fact that appellant was offered counsel both on the arraignment and on the trial and that he waived counsel. This judgment was affirmed by the Court of Appeals of the State of Alabama, and certiorari was denied by the Supreme Court of Alabama. Davis v. State, 1964, 42 Ala.App. 693, 276 Ala. 703, 165 So.2d 917. The coram nobis record amply supports this finding of the state court that appellant was offered and waived counsel, and we find no error in the action taken by the District Court on these contentions.

This, however, is not the end of the matter. An additional issue presented is whether appellant was entitled to counsel at the stage of the proceeding where he changed his plea of not guilty to guilty, and with respect to this issue we reverse.

▪▪ We begin by eliminating certain threshold questions. All state remedies have been exhausted and there is no contention that appellant was not an indigent. Moreover, it is settled that the right to counsel principle of Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 is retrospective and would embrace the appellant here. Pate v. Holman, 5 Cir., 1965, 341 F.2d 764; Williams v. State of Alabama, 5 Cir., 1965, 341 F.2d 777; Barnes v. State, 1964, 42 Ala.App. 504, 169 So.2d 313,

cert. den., 277 Ala. 695, 169 So.2d 313; and Brown v. State, 1965, 277 Ala. 353, 170 So.2d 504. And the Gideon principle also requires that counsel be accorded on pleas of guilty as well as for trial. Doughty v. Maxwell, 1964, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Harvey v. State of Mississippi, 5 Cir., 1965, 340 F.2d 263; Palumbo v. State of New Jersey, 3 Cir., 1964, 334 F.2d 524; United States ex rel. Durocher v. LaVallee, 2 Cir., 1964, 330 F.2d 303, cert. den., 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048. Indeed this was settled law before Gideon. Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; and Rice v. Olson, 1945, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.

▪ We note also that the distinguished state trial judge was in some doubt as to whether he should not have again offered counsel to appellant when he withdrew his plea of not guilty and entered the guilty plea. His doubt was later confirmed by the Court of Appeals of Alabama which held that an indigent defendant must be offered counsel at the stage of a proceeding where he changes his plea from not guilty to guilty. Strickland v. State, May 4, 1965, —— So.2d ——. There the defendant waived counsel on arraignment and then changed his not guilty plea when the case was called for trial. The Supreme Court of Alabama reversed the Court of Appeals on the ground that the waiver of counsel at the arraignment served to shift the burden to the defendant to request counsel if he desired counsel at a later proceeding in the same case. Strickland v. State, Sept. 30, 1964, —— So.2d ——. This reasoning of the Alabama Supreme Court is urged by the state as controlling here. We reject it however because it would appear to impose a burden on appellant over and above what is envisaged by the right to counsel provision of the Sixth Amendment. Appellant was entitled to counsel, unless waived, at each critical stage of the proceedings against him. These included his arraignment in view of the office it serves under Alabama law, Hamilton v. State of Alabama, 1961,

368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Williams v. State of Alabama, supra; his trial, and upon the entry of the guilty plea.

The contention in the Williams case, supra, was that a waiver of trial counsel constituted a waiver, through retrospective operation, of counsel at arraignment. The reasoning of the court there, resting on the doctrine that courts should indulge every reasonable presumption against waiver of fundamental constitutional rights, Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Carnley v. Cochran, supra, is apt here:

"The State assumes, without articulating the argument, that Williams lost his right to counsel at arraignment when he waived his right to counsel at his trial. This argument overlooks the meaning of 'waiver'. A waiver, in any kind of a case, is an intentional relinquishment of an *existing* right. 'The right * * * allegedly waived *must* be *in existence* and be known to exist by the party possessing it * * *.' Chambers & Co. v. Equitable Life Assurance Soc., 5 Cir. 1955, 224 F.2d 338, 345. (Emphasis supplied.) 'Waiver' is sometimes defined as 'an agreement to forego some advantage which the party waiving might at his option have demanded.' Helvering v. Ethel D. Co., 1934, 63 App.D.C. 157, 70 F.2d 761, 763. A present or future right can be waived, but not a right already lost. Here, for example, at his *trial* Williams could not waive his right to counsel at *arraignment;* then it did not exist. Williams's waiver of counsel at his trial could not operate prospectively to deprive him of a right to counsel on appeal or at a second arraignment (Chessman v. Teets, 1957, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253); nor could his waiver operate retrospectively to deprive him of a right he was no longer in a position to exercise.

"* * * The right to counsel upon trial is distinct from the right to counsel upon arraignment, and neither should be confused with the right to effective representation at any other 'critical stage', * * *."

In Rice v. Olson, supra, the court stated that a defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary. The question there was whether the petitioner waived his right to counsel and the court reversed for hearing and determination in light of the disputed facts. The plea of guilty did not *per se* constitute waiver.

In Carnley v. Cochran, supra, the court reiterated that "* * * where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request," and went on to say:

"* * * when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished 'whether or not the accused requested the appointment of counsel. * * *'"

We hold that the change by appellant of his plea from not guilty to guilty was a critical stage in the criminal proceedings against him for which he was entitled to counsel, and that there was no waiver of counsel. It is undisputed; in fact, it affirmatively appears from the record that appellant was not offered counsel to represent him in connection with the plea.

Thus, as was true in Williams v. State of Alabama, supra, all of the pertinent facts necessary for decision on the issue of appellant's right to counsel on the plea were brought out at the coram nobis hearing and it was unnecessary for the District Court to conduct an evidentiary hearing. Appellant was deprived of his constitutional right to counsel. This means that the case must be reversed and remanded with directions that the District Court grant the writ of habeas corpus by appropriate order consistent with the right of the State of Alabama to rearraign and retry appellant, and also con-

sistent with the right of the State to hold the defendant in custody or under bail pending rearraignment and retrial.

Reversed and remanded with directions.