189 So.2d 774

**William R. STRICKLAND**

**v.**

**STATE of Alabama.**

**6 Div. 353.**

Supreme Court of Alabama.

Aug. 25, 1966.

HARWOOD, Justice.

■ This is the second review by certiorari in this case. In this present review we have heretofore issued the writ of certiorari. Such action invests final jurisdiction of this matter in this court.

A short resumé of the background of this review as now presented to us will probably be helpful in a quick understanding of the present question.

William R. Strickland while a prisoner in Kilby Prison filed a petition for a writ of error coram nobis in the Circuit Court of Tuscaloosa County to review the judgment of that court finding him guilty of escaping from a prison guard. A sentence of four years was imposed.

Strickland's contention in the coram nobis proceedings was that he was denied counsel when he changed his plea of not guilty to guilty.

After hearing of the coram nobis petition, the lower court denied the petition. Counsel was accorded Strickland in the coram nobis proceeding and counsel performed his duties with a high degree of competency.

An appeal was perfected to the Court of Appeals of Alabama from the judgment denying the petition for writ of error coram nobis.

The Court of Appeals of Alabama reversed the judgment of the Circuit Court on the grounds that while Strickland had effectively waived counsel at his arraignment, he had not been accorded counsel at the time he changed his plea from not guilty to guilty.

On certiorari, this court reversed the judgment of the Court of Appeals of Alabama, on the theory that the effective waiver of counsel upon arraignment served to shift to Strickland the burden of requesting counsel if he desired representation in a later proceeding in the same case.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

William R. Strickland, pro se.

The case was remanded to the Court of Appeals of Alabama. (Ante p. 31, 189 So. 2d 771.)

While the case was pending in the Court of Appeals of Alabama after remandment, the United States Court of Appeals for the Fifth Circuit, handed down its opinion in Davis v. Holman, 354 F.2d 773.

In the course of its opinion in *Davis*, supra, the United States Court of Appeals took note of the opinions by the Court of Appeals of Alabama and of this court in the Strickland case. That court "rejected" the reasoning of the opinion of this court in Strickland on the basis that it imposed a burden on Strickland above what is envisaged in the Sixth Amendment of the United States Constitution, and in *Davis*, supra, held that an accused was entitled to counsel at each critical stage of the proceedings against him, and that waiver of counsel at arraignment did not carry over into the trial.

The *Davis* case was carried to the United States Supreme Court, and was disposed of there merely by a denial of the writ on 18 April 1966. See 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 359.

During the pendency of this appeal in the Court of Appeals of Alabama, on remandment, the Attorney General of Alabama suggested that this appeal was moot for the reason that Strickland had instituted habeas corpus proceedings in the United States District Court for the Middle District of Alabama, but, after consultation with his court appointed attorney, had requested that said proceedings be dismissed since he would complete the serving of his sentence on 3 April 1966, and he did not wish to press his claim of lack of counsel further.

The habeas corpus proceedings were dismissed on 26 January 1966, upon the written motion of Strickland and his counsel.

It was further suggested that Strickland had been discharged by the Board of Corrections of the State of Alabama on 3 April 1966, because of the expiration of his sentence, the discharge noting that no further cases were pending against Strickland.

The Court of Appeals of Alabama refused to consider these suggestions by the Attorney General on the basis that such suggestions were dehors the record.

█ We see no reasons why an appellate court should not consider suggestions going to establish a question of mootness, even though such suggestions are not in the record being reviewed. Such suggestions are for the court's benefit in determining the collateral question of mootness, and are pertinent to an orderly disposition of appeals.

Having rejected the suggestions of mootness made by the Attorney General, the Court of Appeals proceeded to discuss at length the reasons why the present appeal should be considered, and concluded by reinstating its original opinion.

We will not burden this opinion with the citations of authority on which the Court of Appeals reached its conclusions. They may be found in the opinions of the Court of Appeals.

However, the Court of Appeals based its conclusions that the present appeal was not moot on the following grounds:

1. The loss of political rights.

2. Coram nobis can lead to expunging the prior conviction ab initio.

3. Restrictive statutes and ordinances applying to ex-convicts.

4. Punishment for some crimes can depend upon whether the conviction is for a second or subsequent offense.

5. Multiple or habitual offender laws in some states increase punishment of repeaters.

It is axiomatic that where the reason for a rule is non-existent, the rule falls. Cessante ratione legis cessat, et ipsa lex.

Reasons 1, 3, 4, and 5, are inapplicable to our present consideration of mootness in that the record shows that Strickland has already been convicted and served time for assault with intent to murder and leaving the scene of an accident (sentence imposed one year and one day). Thus the present conviction for escape would not prejudice Strickland.

As to reason 2, supra, the record in the coram nobis proceedings shows that Strickland repeatedly admitted his guilt of escaping. His contention was that he was entitled to another trial because of lack of counsel at the time he changed his plea from not guilty to guilty. A constitutional question being involved, we have felt authorized in examining the record in the proceedings below.

Thus in view of Strickland's repeated avowals of guilt of escaping, we cannot see that another trial could possibly result in a verdict of acquittal and establishment of innocence. The law does not require the doing of a futile thing.

A consideration of Strickland's predicament should this cause not be considered moot is interesting. Since 3 April 1966, Strickland has been at complete liberty having been discharged from custody by virtue of the expiration of his sentence, insofar as his conviction as an escapee is concerned. Probably no one would be more chagrined than Strickland to now learn that because of his allegations of the invalidity of his trial on the escape charge and for which he has served the full sentence imposed, he must now be again hauled before the bar of justice and tried and punished for the same offense to which, by his own assertions, he has no defense.

Being clear to the conclusion the questions presented are now moot, this appeal is due to be, and hereby is, dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.