341 F.Supp. 927 (1972)
Harold Gene McANULTY, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 72 C 173(1).
United States District Court, E. D. Missouri, E. D.
April 10, 1972.
*928 Harold Gene McAnulty, pro se.
Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., John P. Glynn, Asst. U. S. Atty., for respondent.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on petitioner's motion to vacate and set aside sentence under the provisions of 28 U.S. C. § 2255 in criminal case No. 68 Cr. 141(2). Leave to proceed in forma pauperis has been granted.
On September 9, 1968, petitioner, represented by counsel, was found guilty by a jury of violating the provisions of Title 18, U.S.C. § 659. On September 20, 1968, he was sentenced by this Court to a term of six years in the custody of the United States Attorney General.
Petitioner contends that his sentence is invalid in that this judge (who was the trial judge in the criminal case) unknowingly used and gave explicit consideration to three prior felony convictions [which petitioner alleges to have been obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963)] and to materially false assumptions as to another prior felony conviction, in order to enhance petitioner's sentence. Petitioner does not challenge the validity of his conviction in the above cause, only the sentence.
Gideon v. Wainwright, supra, made it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. That decision was retroactive. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963).
The United States Supreme Court has held that to permit a conviction obtained in violation of Gideon to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In the earlier case of Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), the Supreme Court held that there had been a denial of due process to a prisoner who, while disadvantaged by lack of counsel, was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.
The record in the instant case reveals that this judge questioned petitioner in regard to his prior convictions before imposing sentence. It is noted that neither petitioner nor his counsel questioned the validity of any prior convictions at that time. Petitioner presently contends that his previous convictions were invalidly obtained and that one offense he was questioned about is nonexistent. However, it is the opinion of this Court that a hearing directed to the same is not necessary. Even assuming that petitioner's contentions are correct in that these previous convictions are invalid *929 and that one he consented to was nonexistent, it does not become necessary to resentence petitioner. This is apparent from the decision in United States v. Tucker, supra. In that case, it was not clear whether the sentence might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained.
In the instant case, this judge (who was the sentencing judge) was and still is of the opinion that regardless of any invalidity or absence of previous convictions, under the facts and circumstances of this case, six years was the appropriate sentence for this conviction which provided for a maximum imprisonment of ten years. Thus, no prior convictions or materially false assumptions enhanced petitioner's sentence.
Accordingly, petitioner's contention that his sentence is invalid is without merit and the motion will be denied.