Joe Buck **COLLIER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. A. No. 40099.

United States District Court,
E. D. Michigan, S. D.

Nov. 21, 1973.

Joe Buck Collier, pro se.

Ralph B. Guy, Jr., U. S. Atty., Kenneth J. Haber, Asst. U. S. Atty., Detroit, Mich., for respondent.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This is a motion to vacate sentence filed *in pro per* by Joe Buck Collier pursuant to 28 U.S.C. Section 2255. This court sentenced petitioner to a term of four years on July 6, 1972 for violation of 18 U.S.C. Section 473, "Transfer of Counterfeit Federal Reserve Notes." The sentence is presently being served in the federal prison at Atlanta, Georgia. The petitioner asks this court to resentence him in view of the mandate of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1971). He asserts that this court considered and relied upon his prior state criminal record in imposing his present sentence and that this record contains state sentences that are constitutionally infirm. Thus, petitioner contends that the federal sentence merits reconsideration upon a basis which does not include misinformation derived from the record.

Petitioner brings to the court's attention the following matters which appear in his criminal record and which are claimed to be infirm under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963):

(1)(a). A 1959 arrest for larceny from a building. Petitioner was given a two-year probation, some county jail time, and a fine. The record of the guilty plea and waiver of counsel in regards to this charge are submitted by respondent as Exhibit A.

(1)(b). A 1960 violation of the probation referred to above and the subsequent revocation of that probation. Petitioner was sentenced to 1½ to 4 years. An outstanding car theft charge was suspended at that time. Petitioner contends that this reference to a car theft charge has remained on his record, thereby influencing the parole board to deny him parole.

(2). A 1964 charge of attempted Larceny and a 1966 charge of Uttering and Publishing. Petitioner pled guilty to both charges with the aid of court appointed counsel. Both pleas are alleged-

ly tainted by coercion in that he was told to "either plead guilty or get the maximum!"

(3). A 1970 arrest for Attempted Murder. The charge was dropped when the victim testified that the shooting was an accident. Petitioner was then charged with Careless and Reckless Use of Firearms and fined $25. He had no counsel.

None of these matters have been attacked in the state court.

The petitioner then quotes the following passage from the transcript of the sentencing proceeding, where the court stated:

> I have received a pre-sentence report in this case, as I requested at the time I accepted your plea of guilty. I have gone over it carefully and it has been considered by a Sentencing Council of this court. It indicates, among other things, that Mr. Collier does have what I consider a very serious record. He has been incarcerated in the State Prison on three different occasions. (Transcript, p. 4, Cr. # 46904)

From this quotation, petitioner wishes to show that this court relied solely on the allegedly invalid prior state convictions, or at least to such a degree that re-evaluation of the sentence is now in order.

While it is true that *Tucker* mandates resentencing where the record relied upon contained matters which should have played no part in considering the ultimate sentence, the mere fact that the prisoner's prior record was considered is not, by itself, enough to merit resentencing. *Tucker* does not condemn a sentence which resulted from reference to matters not on the prior criminal record or pertinent factors on the criminal record which meet the proper requisites of constitutionality. To paraphrase *Tucker*, the real question presented in this matter is whether this court would have imposed a different sentence on petitioner if it had known at the time of sentencing that any of the state convictions appearing on the record were invalid.

The court has reviewed the pre-sentence report which it had before it at the time the present sentence was set. It contains references to numerous criminal convictions, although most of them are not of a serious nature and like the charge of Careless and Reckless Use of Firearms, played no part in the consideration of the present sentence. However, several matters which are part of the petitioner's prior criminal record are of a serious nature, and this court cannot say that were these matters to be invalidated on constitutional grounds that it would have given the sentence that it did.

The matters which this court refers to are the 1964 conviction for attempted larceny and the 1966 conviction for uttering and publishing. Were these convictions shown to be the product of coercion, as claimed by petitioner, a different sentence on the federal charge would be in order. On the other hand, if these two convictions are not invalid, then even assuming *arguendo*, that the 1959 larceny from a building charge is invalid, this court can certify that the present sentence of four years is, under the facts of this case, an appropriate sentence for a conviction which provided a maximum of ten years. See McAnulty v. United States, 341 F.Supp. 927 (W. D.Mo.1972) affirmed 462 F.2d 254 (8th Cir. 1972); Rogers v. United States, 466 F.2d 513 (5th Cir. 1972); United States v. Eidum, 474 F.2d 581 (9th Cir. 1973); Lipscomb v. Clark, 468 F.2d 1321 (5th Cir. 1972); and Brown v. United States, 13 Cr.L. 2502 (4th Cir. 1973). On page 4 of the sentencing transcript, the court noted that

> the offense involved here is a serious offense, counterfeiting. It is a very serious offense and Mr. Collier was dealing in a substantial sum of money. When he was arrested he had about $800 in counterfeit Federal Reserve Notes in his possession, so this is not an instance where somebody has one

bill or one note. If we don't have faith in our money it's quite a handicap to our whole commercial system.

■ It is now necessary to determine by what procedure the 1964 and 1966 conviction should be shown to be valid or invalid. In this regard there appears to be a conflict of authority, as represented by the views of the Fifth Circuit in *Lipscomb*, supra, and the recent opinion from the Fourth Circuit, *Brown*, supra.

It is the view of the Fifth Circuit that if the court has considered possibly invalid prior convictions in determining a sentence, and that the sentence would have been different but for this consideration, "then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional . . ."

The Fourth Circuit, as outlined in *Brown*, would impose a greater burden on a petitioner, who like the petitioner here, raises claims as to the invalidity of prior state convictions, but who has never attacked these convictions in the state courts which rendered them. As stated in 13 Cr.L. at 2503,

> A federal prisoner should have to attack the underlying state sentence first in the state court that imposed that sentence. Otherwise, a petitioner could use a collateral proceeding in one jurisdiction to attack a conviction rendered in another jurisdiction, where he has not exhausted his remedies. 28 U.S.C. 2254(b) requires such exhaustion of state remedies.

Having discovered no Sixth Circuit decision which lays down the procedures to be used in cases of this type, this court chooses to follow the procedure laid down by the Fourth Circuit in *Brown*. While requiring the exhaustion of state remedies places additional burdens on the petitioner, the state courts are the proper forum to initially determine the constitutionality of state convictions. This court could not determine the validity of the convictions without a hearing that would be in the nature of a habeas corpus hearing. Had the petitioner merely asked this court to overturn his convictions through a writ of habeas corpus, he would have been obliged to exhaust his state remedies. Since the first step in granting the relief requested in this case would, in substance, involve the invalidation of state convictions, this court believes that resort must first be taken to the state courts. This procedure is in line with the policy of federalism.

Thus, the petitioner's motion to vacate sentence must be denied without prejudice. Should he succeed in overturning his state convictions, or one of them, he is free to return to this court to request resentencing on his federal conviction. However, this court wishes to make clear that if he should fail in his endeavor to overturn his state convictions, or if he decides not to pursue his state remedies, his federal sentence must stand.

The motion to vacate sentence must be denied. An appropriate order may be submitted.