337 So.2d 105 (1976)
Michael A. MAYOLA
v.
STATE.
6 Div. 198.
Court of Criminal Appeals of Alabama.
May 4, 1976.
Rehearing Denied June 1, 1976.
William W. Rogers, Bessemer, for appellant.
William J. Baxley, Atty. Gen., and Joel E. Dillard, Asst. Atty. Gen., for the State.
TYSON, Judge.
This is an appeal from the denial of the petition of error coram nobis wherein the appellant sought to set aside his conviction on a charge of kidnapping wherein he entered a plea of guilty on January 25, 1963, without counsel and without waiving counsel.
The then District Attorney testified that he had no recollection as to whether or not counsel was offered the appellant or that one would be appointed for him. The then Circuit Judge had a recollection of the appellant appearing before him but could not remember whether or not the appellant was offered counsel.
The Circuit Clerk testified that according to his records no counsel was shown of record for the appellant at the time he entered his guilty plea in this case.
In Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, we find the following:
". . . Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications.. . ."
Moreover, in this cause there was no showing that the appellant had counsel at the time of his arraignment or of his appearance *106 for trial. Tucker v. State, 42 Ala. App. 174, 157 So.2d 229, cert, denied, 275 Ala. 700, 157 So.2d 229, fully establishes the requirement of counsel at arraignment in all felony cases citing Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Beyond question this right is retrospective. Barnes v. State, 42 Ala.App. 504, 169 So.2d 313, cert, denied, 277 Ala. 695, 169 So.2d 313. Burgett v. Texas, supra.
Likewise, coram nobis is the appropriate State remedy to raise the alleged denial or lack of counsel at arraignment and at trial. Brown v. State, 42 Ala.App. 690, 170 So.2d 504, cert, denied with opinion, 277 Ala. 353, 170 So.2d 504. See also Pate v. Holman, 5 Cir., 341 F.2d 764; Williams v. Alabama, 5 Cir., 341 F.2d 777, and cases therein cited.
It is equally well settled that the lack of counsel at the time of taking a plea of guilty may also be raised by appropriate petition for writ of error coram nobis in Alabama. Varner v. State, 43 Ala.App. 48, 179 So.2d 177; Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; Davis v. Holman, 5 Cir., 354 F.2d 773, and Pate v. Holman, supra.
The seeming ground for the denial of appellant's petition was his financial status at the time of entering his plea of guilty. The State offered no testimony on this question. However, the appellant's testimony established that he had sold his business, house and automobile in 1962 to finance his defense in a proceeding in Blount County, and had been subsequently incarcerated at Kilby Prison, prior to being transferred to the courthouse at Bessemer on the morning of January 25, 1963, for arraignment and trial on the kidnapping charge. Clearly the appellant was indigent. Pate v. Holman, 5 Cir., 341 F.2d 764 and authorities therein cited.
The test of Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, must be here applied.
From Carnley, supra:
"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."
There being no evidence of an offer of counsel, or of waiver of counsel, either at arraignment or at trial, this cause is due to be and the same is hereby
REVERSED AND REMANDED.
CATES, P. J., and HARRIS, J., concur.
DeCARLO and BOOKOUT, JJ., dissent.

ON REHEARING
TYSON, Judge.
In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, we find the following statement:
". . . It has been pointed out that `courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we `do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."
As noted on original deliverance, there was no explanation of the appellant's right to counsel, affirmatively reflected, nor of an offer of counsel, affirmatively reflected, hence we cannot consider from this record that the accused intentionally relinquished a known right. Authorities cited on original deliverance.
OPINION EXTENDED; APPLICATION OVERRULED.
CATES, P. J., and HARRIS, J., concur.
DeCARLO and BOOKOUT, JJ., dissent.