## ANDERSON *vs.* THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Rev. Code, § 3695 ; indictment for burglary under ; what description of property sufficient under.*—An indictment for burglary, under our statute, for breaking and entering the pick-room of a gin-house with intent to steal, is not bad on demurrer, because the ginhouse is described as "the property of the estate of Mrs. Lewis." This is a sufficient description of the house alleged to be broken and entered, though it should appear that Mrs. Lewis was dead, before the alleged time of the commission of the offense charged.—(Rev. Code, § 3695.)

2. *Same; evidence under.*—The offense alleged in such an indictment may be shown by proving the facts alleged in the indictment, and that the house mentioned was erected on lands which belonged to Mrs. Lewis at her death, and were devised in her will to third persons, and that her estate was unsettled and in the possession of her executor for administration.

APPEAL from the Circuit Court of Lowndes.

Tried before Hon. JAMES Q. SMITH.

The opinion states the case.

FITZPATRICK & WILLIAMSON, for appellant.—Property must belong to some living person, natural or artificial. The "estate of Mrs. Lewis" is not such person. If it means Mrs. Lewis' property, she was dead and could not hold property; if the "estate," it is a legal nonentity. It should have been charged as the property of the executrix, the devisees or the lessees.—2 Hale's P. C. 181; 2 East P. C. 652 ; *Cole v. Com.,* 5 Grattan, 696.

The Attorney-General, *contra.*

PETERS, J.—This is a prosecution for burglary. The indictment is in the following words: "The grand jury of said county charge, that before the finding of this indictment, Bully Bibb, *alias* Patrick Bibb, *alias* Patrick Anderson,

42

broke into and entered a building attached to a gin-house, commonly called a lint-room, the property of the estate of Mrs. Lewis, in which goods, merchandise or other valuable articles were kept for use, sale or deposit, with the intent to steal, against the peace and dignity of the State of Alabama." This indictment was demurred to by the defendant in the court below. The ground of demurrer is that the words, "estate of Mrs. Lewis," do not embrace an averment that the property belongs to any person. There are two other grounds alleged, but they are not sustained by the record, or they are merely different statements of the ground above cited. Whether the house broken into and entered is sufficiently described in the indictment or not, must depend in a great measure upon our statute creating the offense. This statute is in these words: "Any person who, either in the night or day time, with intent to steal, or to commit a felony, breaks into and enters a dwelling-house, or any building within the curtilage of a dwelling-house, though not forming a part thereof; or into any shop, store, warehouse, or other building, in which any goods, merchandise, or other valuable thing, is kept for use, sale, or deposit, is guilty of burglary, and must on conviction be imprisoned in the penitentiary, or sentenced to hard labor for the county, for not less than two, nor more than twenty years."—(Rev. Code, § 3695.) It will be readily perceived that this definition of burglary is quite different from that of the same offense at common law. "The word burglary," says Mr. Chitty in his excellent and accurate treatise on criminal law, "is a compound of the Saxon term *burgh*, a house; and *laron*, theft; and originally signified no more than the robbery of a dwelling; but it is now defined to be *the breaking and entering the house of another in the night-time with intent to commit a felony*, whether the felony be actually committed or not." (Jacob Law Dict., Burglary, 3 Inst. 63; 3 Chitt. Cr. Law, p. 1101; 4 Bla. Com. 224; 2 Russ. on Crs. p. 2, Metcalf's Ed. 1831.) At common law the ownership of the house was essential to the offense. It was required that it should

be "the house of another." Under our statute this is not so; and the character of the building broken and entered is all that is required, with such a description of the building as enables the State to identify it by the evidence for the prosecution. The offense charged in this indictment is one created by the statute. The description of the offense is in the language of the statute, with such a description of the house added as may be proper to identify it. This, under our practice, in like cases, is enough.—(25 Ala. 64; 22 Ala. 54; 19 Ala. 552; 18 Ala. 119; 17 Ala. 181.) The identification of the house by description is only so far necessary as to protect the defendant, should he be acquitted, from being a second time put in jeopardy for the same offense, or a second time punished for the same cause.—(*Butler v. The State*, 22 Ala. 43.) When the description accomplishes this purpose it is sufficient. The description in this indictment quite comes up to this requirement. The demurrer, then, was properly overruled.

The proof tended to show that the accused had broken and entered the house mentioned in the indictment with intent to steal as charged therein. And also that one Mrs. Lewis had owned said house in her life time; that she had died before the time of the finding the indictment; that she had made her will devising the lands, on which said house was situated, to Fannie Lampkin and ——— Lampkin, and that before the house was entered as charged said will was duly proven and admitted to record as required by law. It was also shown that the estate of Mrs. Lewis was unsettled and undivided, and that the gin-house property was in the possession of the executor of her will, at the time the indictment was found. On this testimony, the court was asked by the accused, to charge the jury, "That if they find that Mrs. Lewis, mentioned in the indictment, died in 1870; that she made a will devising the plantation and gin-house to Fannie Lampkin and ——— Lampkin, and that the said will was probated before said gin-house was entered as charged in the indictment, then they cannot find the defendant guilty as charged." This

charge the court refused and the prisoner excepted. The court then charged the jury, "That if they found from the evidence, that in the county of Lowndes, the prisoner broke into and entered the gin-house specified in the indictment, the property of the estate of Mrs. Lewis, deceased, the same being a place where goods, wares, merchandise, or other valuable thing, was then kept for use, sale, or deposit, with the intent to steal therefrom, then they may find the prisoner guilty as charged in the indictment;" and "that the death of Mrs. Lewis before the indictment found, and that she devised in her will to other persons, the lands upon which the gin-house is erected and the gin-house, subject to the payment of her debts, cannot effect the ownership as stated in the indictment, if the evidence shows the estate of Mrs. Lewis is unsettled and that the gin-house was held by her executor at the time the indictment was found, for the purpose of settling up her estate." This charge was also excepted to by the accused and made a part of the record as required by law. Upon the principles already alluded to above, the action of the court below, in the refusal of the charge asked and in giving the charge last above set forth, cannot be condemned. The breaking and entering of any house of the character of those named in the statute, and for the purpose and in the manner forbidden by law, is burglary. The allegation of title is not a characteristic of the offense, but to point out with certainty the house that had been broken and entered, so that the defendant may be enabled to deny with certainty the breaking and entering complained of. The title is only one of the modes of a certain identification of the house, but it is not the only mode. Any other mode that is certain will do as well. In burglary it is the possession that is invaded; and at common law an allegation of possession by a tenant was sufficient. If the domicile invaded was his mansion-house *pro hac vice*, he was the owner for the purpose of the crime.—2 Bish. on Crimes, § 109, 110, 111; 3 Chitt. Crs. p. 1101, 1102; 3 Greenlf. Ev. § 81; 1 Russ. on Crs. p. 813, 814, and cases there cited.

Anderson v. The State.

But our statute, it will be seen upon inspection, does not confine the crime to the dwelling-house of *another*, but to all houses of certain descriptions. If, then, the allegations, of the indictment sufficiently identify the house so that the accused is apprised what he has to defend, I think, under our statute, this is enough. It is laid down by Mr. Chitty, if one die in a house and his executors put servants in it and keep them there at board wages, burglary may be committed in breaking it, and it may be laid to be the executors' property.—(3 Chitt. Cr. Law, p. 1102; 2 East. P. C. 499.) The evidence in this case was not objected to when it was delivered to the jury, but it is attempted to destroy its effect by the charge of the court. This cannot be done unless it is wholly impertinent, and should not have been admitted for any purpose in the first instance. I do not think this is the case. There is no sensible construction of the words used in the indictment to describe the house, alleged to have been broken and entered, except that they mean to declare that the house mentioned constitutes a part of the property or estate of Mrs. Lewis. (Rev. Code, § 4128.) The evidence tends to prove this allegation. There was then no available error committed by the court in the refusal of the charge asked nor in giving the charge objected to.

The judgment of the court below is affirmed, and the same will be executed according to law.

[NOTE BY REPORTER.—The opinion in this case was delivered at the January term, 1873. The case has been here reported by direction of the Chief Justice, who deemed it proper to have the decision published in advance of other cases decided at the same term, on account of its importance in the administration of the criminal laws.]