# Walker *v*. The State.

## *Indictment for Burglary.*

1.  *What is sufficient breaking and entering.*—A person who, with the intent to steal shelled corn, heaped up in a crib on the floor, bores a hole through the floor, through which the loose corn runs down into his sack below, is guilty of burglary.(Code, § 4343) : the use of the auger in such case, with the intent to steal the corn, and effecting that purpose, constitutes both the breaking and the entry which are necessary elements of the offense.

FROM the City Court of Selma.
Tried before the Hon. JONA. HARALSON.
   The prisoner in this case was indicted and convicted of burglary, in breaking and entering the corn-crib of N. Woodruff and R. R. Peeples. The case is brought up on bill of exceptions reserved during the trial. All the material facts are stated in the opinion of the court.

No counsel appeared for the prisoner in this court, so far as the record and dockets show; and there is no brief on file.

H. C. TOMPKINS, Attorney-General, for the State, cited *McCall v. The State,* 4 Ala. 643 ; 2 Wharton's Amer. Cr. Law, §§ 1550-51; 2 East's Crown Law, 490; 1 Hale's P. C. (ed. 1847) 555.

BRICKELL, C. J.—The statute (Code of 1876, § 4343) provides, that "any person who, either in the night or day time, with intent to steal, or to commit a felony, breaks into and enters a dwelling-house, or any building, structure or inclosure within the curtilage of a dwelling-house, though not forming a part thereof, or into any shop, store, warehouse, or other building, structure or inclosure in which any goods, merchandise, or other valuable thing is kept for use, sale, or deposit, *provided* such structure, other than a shop, store, ware-house or building, is specially constructed or made to keep such goods, merchandise, or other valuable thing, is guilty of burglary," &c.
   The defendant was indicted for breaking into and entering "a corn-crib of Noadiah Woodruff and Robert R. Peeples, a building in which corn, a thing of value, was at the time kept for use, sale, or deposit, with intent to steal," &c. He was convicted ; and the case is now presented on exceptions

taken to instructions given, and the refusal of instructions requested, as to what facts will constitute a breaking into and entry, material constituents of the offense charged in the indictment. The facts, on which the instructions were founded, are : that in the crib was a quantity of shelled corn, piled on the floor ; in April, or May, 1878, the crib had been broken into, and corn taken therefrom, without the consent of the owners, who had the crib watched; and thereafter the defendant was caught under it, and, on coming out, voluntarily confessed that, about three weeks before, he had taken a large auger, and, going under the crib, had bored a hole through the floor, from which the corn, being shelled, ran into a sack he held under it; that he then got about three pecks of corn, and with a cob closed the hole. On these facts, the City Court was of opinion, and so instructed the jury, that there was such a breaking and entry of the crib, as would constitute the offense, and refused instructions requested asserting the converse of the proposition. —

The material changes the statute has wrought as to the offense of burglary, as known and defined at common law, are as to the time and place of its commission. An *intent* to steal, or to commit a felony, are the words of the statute, while an intent to commit a felony were the words of the common law. Under our statutes, a felony is defined as a public offense, punished by death, or by imprisonment in the penitentiary; while public offenses otherwise punishable are misdemeanors. The larceny of other than personal property particularly enumerated, and under special circumstances, the property not exceeding the value of twenty-five dollars, is petit larceny, and a mere misdemeanor. The *intent to steal*, as an element of burglary, is therefore made the equivalent of an intent to commit a felony, though the value of the thing intended to be stolen may be less than twenty-five dollars, and its larceny a misdemeanor.

The statute employs the words, "*breaks into and enters;*" and these are borrowed from the common-law definition of burglary. They must be received with the signification, and understood in the sense, given them at common law. "There must, in general," says Blackstone, "be an actual breaking, not a mere legal *clausum fregit* (by leaping over invisible ideal boundaries, which may constitute a civil trespass), but a substantial and forcible irruption." The degree of force or violence which may be used is not of importance—it may be very slight. The lifting the latch of a door; the picking of a lock, or opening with a key ; the removal of a pane of glass, and, indeed, the displacement or unloosing of any fastening, which the owner has provided as a security to the

house, is a breaking—an *actual* breaking—within the meaning of the term as employed in the definition of burglary at common law, and as it is employed in the statute. In *Hughes' case* (1 Leach, C. C., case 178), the prisoner had bored a hole with a *centre-bit*, through the panel of the house-door, near to one of the bolts by which it was fastened; and some pieces of the broken panel were found within-side the threshold of the door; but it did not appear that any instrument, except the point of the *centre-bit*, or that any part of the prisoner's body, had been within-side the house, or that the aperture made was large enough to admit a man's hand. The court were of opinion, that there was a sufficient *breaking*, but not such an *entry*, as would constitute the offense.

The boring the hole through the floor of the crib, was a sufficient breaking; but with it there must have been an entry. Proof of a breaking, though it may be with an intent to steal, or the intent to commit a felony, is proof of one only of the facts making up the offense, and is as insufficient as proof of an entry through an open door, without breaking. If the hand, or any part of the body, is intruded within the house, the entry is complete. The entry may also be completed by the intrusion of a tool, or instrument, within the house, though no part of the body be introduced. Thus, "if A. breaks the house of B. in the night time, with intent to steal goods, and breaks the window, and puts in his hand, or puts in a hook, or other engine, to reach out goods; or puts a pistol in at the window, with an intent to kill, though his hand be not within the window, this is burglary."—1 Hale, 555. When no part of the body is introduced—when the only entry is of a tool, or instrument, introduced by the force and agency of the party accused, the inquiry is, whether the tool or instrument was employed solely for the purpose of *breaking*, and thereby effecting an *entry ;* or whether it was employed not only to *break and enter*, but also to aid in the consummation of the criminal intent, and its capacity to aid in such consummation. Until there is a *breaking* and *entry*, the offense is not consummated. The offense rests largely in intention; and though there may be sufficient evidence of an attempt to commit it, which, of itself, is a crime, the attempt may be abandoned—of it there may be repentance, before the consummation of the offense intended. The *breaking* may be at one time, and the *entry* at another. The *breaking* may be complete, and yet an *entry* never effected. From whatever cause an *entry* is not effected, burglary has not been committed. When one instrument is employed to *break*, and is without capacity to aid otherwise than by opening a way of *entry*, and another instrument must be used, or

[Carter v. The State.]

the instrument used in the breaking must be used in some other way or manner to consummate the criminal intent, the intrusion of the instrument is not, of itself, an *entry*. But when, as in this case, the instrument is employed, not only to *break*, but to effect the only *entry* contemplated, and necessary to the consummation of the criminal intent; when it is intruded within the house, *breaking* it, effecting an *entry*, enabling the person introducing it to consummate his intent, the offense is complete. The instrument was employed, not only for the purpose of *breaking* the house, but to effect the larceny intended. When it was intruded into the crib, the burglar acquired dominion over the corn intended to be stolen. Such dominion did not require any other act on his part. When the auger was withdrawn from the aperture made with it, the corn ran into the sack he used in its asportation. There was a *breaking* and *entry*, enabling him to effect his criminal intent, without the use of any other means, and this satisfies the requirements of the law.

Let the judgment be affirmed.