## 12410.  DAVENPORT *v.* THE STATE.

1. The words "place of business," as used in the statute defining burglary, mean *any* house occupied as a place of business by another, in which valuable goods are contained, and this is so regardless of whether such place of business be located in a private or a public building.
2. The several special grounds of the motion for a new trial are without merit, and, under the foregoing ruling and the facts of the instant case, the trial court did not err in denying a new trial.

DECIDED JULY 12, 1921.

Indictment for burglary; from Glynn superior court — Judge Highsmith.  March 29, 1921.

*R. W. Durden, H. O. Farr,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

LUKE, J.  The defendant was indicted for and convicted of burglary.  The indictment charged him with breaking and entering, with intent to commit a larceny, the office of R. S. Pyles, sheriff of Glynn county, the same being the latter's place of business where valuable goods, wares, and articles were contained. Upon the trial the evidence adduced showed that the sheriff's office was located in the court-house, and was his place of business, and that valuable articles were stored therein.  There was also evidence of both a breaking and an entering.  The other necessary elements of burglary were proved.

The only contention of the defendant that warrants any discussion is that the verdict finding him guilty is contrary to law, since he could not be legally convicted of burglarizing a public building.  Section 146 of the Penal Code of 1910, defines burglary to be, "the breaking and entering into the dwelling, mansion, or storehouse, *or other place of business of another,* where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny" (italics ours).  The italicized clause, "other place of business of another," was the provision of the above code-section under which the defendant was indicted and convicted.  Had he been indicted for and convicted of burglary of the court-house, the defendant's contention might be meritorious.  However, the mere fact that the place of business burglarized was situated in the court-house — a public building — would make the offense none the less burglary.  Nor would the mere fact that under section 180 of the Penal Code, the accused may also have been guilty of

larceny from the house prevent him from being legally tried and convicted of burglary, where, as in the instant case, all the necessary elements of burglary were proved. In *Keenan* v. *State*, 10 *Ga. App.* 792, 793 (74 S. E. 297), it was held: "This statute [Penal Code, § 146] enlarges the common-law definition of burglary; for burglary at common law was the breaking and entering a mansion or dwelling-house with intent to commit a felony or larceny therein. This section of the code includes not only a dwelling-house or mansion, but any storehouse *or other place* of business where valuable goods of any character are contained or stored. The words " other place of business," considered with the context, clearly mean a house used as a place of business, but are not intended to be restricted to a house used as a storehouse or of the nature of a storehouse. *They include any house used as a place of business by another,* where valuable goods. are contained, whether it be a storehouse or not." (Italics ours.) This decision is clearly authority for the proposition that one may be convicted of burglarizing the place of business of another, regardless of the nature of the house in which the place of business is located.

The several special grounds of the motion for a new trial are without merit, and, under the foregoing ruling, and the facts adduced on the trial, the lower court did not err in denying the defendant a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*