142 So. 103

## CHANEY v. STATE.
### 6 Div. 12.

Court of Appeals of Alabama.
Feb. 2, 1932.

Rehearing Denied March 22, 1932.

Reversed on Mandate May 24, 1932.

A. L. Sapp, of Cullman, and W. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of burglary, as charged in the count of the indictment under which he was tried, in the following language, to wit: "The Grand Jury of said County further charge that before the finding of this indictment Clayton Chaney, with intent to steal, broke into and entered a shop, store, warehouse, gasoline pump or other building, structure or inclosure of Tom Stephens, in which goods, wares or merchandise or other valuable thing was kept for use, sale or deposit and such gasoline pump, structure or inclosure other than a shop, store, warehouse or building was specially constructed or made to keep such goods, wares or merchandise or other valuable thing, against the peace and dignity of the State of Alabama."

There were no demurrers to this count, no request for the general affirmative charge by the appellant, and, in fact, no request for any written charge with reference thereto.

There were few exceptions reserved to rulings made on the taking of testimony; none which to us appear to have merit. Motion for new trial on the salient ground that the verdict was contrary to the evidence was denied, and exception duly reserved.

The court has read the entire evidence, sitting en banc, and we are of the opinion that it was sufficient to support the verdict returned.

True, the statute (Code 1923, § 3479), in pursuance to which the indictment was drawn, employs the words, "breaks into and enters," and that these words are borrowed from the common-law definition of burglary. Walker v. State, 63 Ala. 49, 35 Am. Rep. 1. Likewise, obviously, it is true that, to sustain a verdict of guilt against an accused, there must be the required degree of proof of both the "breaking and the entering."

But, in this case, we are of the opinion, and hold, that proof, to the required degree of the breaking of the lock which secured the pump handle of the gasoline tank—thereby releasing said pump handle so that it could be operated—was a conformance to the requirement under our statute, supra, that there was a "breaking."

And the "operation" of this pump handle, thereby causing the gasoline to be expelled from the tank, was, we hold, a sufficient "entering" of the said tank to meet the re-

quirements of the statute. See 9 C. J. 1020, § 25; 4 R. C. L. 421, 422; Walker v. State, supra; State v. McCall, 4 Ala. 643, 39 Am. Dec. 314.

There appears, nowhere, prejudicial error, and the judgment of conviction is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Chaney v. State, 225 Ala. 5, 142 So. 104.