142 So. 104

## CHANEY v. STATE.

### 6 Div. 149.

Supreme Court of Alabama.

April 28, 1932.

Wm. C. Rayburn, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BROWN, J.

The statute, section 3479, Code of 1923, provides that: "Any person who, either in the night or day, with intent to steal, or to commit a felony, breaks into and enters a dwelling house, or any building, structure, or inclosure within the curtilage of a dwelling house, though not forming a part thereof; or into any shop, store, warehouse, *or other building, structure, or inclosure*, in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided such *structure* or inclosure, other than a shop, store, warehouse, or building, is specially constructed or made to keep such goods, wares, or merchandise, or other valuable thing, is guilty of burglary, and must, on conviction, be imprisoned in the penitentiary for not less than one nor more than twenty years." (Italics supplied.)

The indictment on which the petitioner was tried alleges that, before the finding of the indictment, he, "with intent to steal, broke into and entered a shop, store, warehouse, *gasoline pump*, or other building, structure or inclosure of Tom Stephens, in which goods, wares or merchandise or other valuable thing was kept for use, sale or deposit, and such *gasoline pump*, structure or inclosure other than a shop, store, warehouse or building was

specially constructed **or made** to keep such goods, wares or merchandise or other valuable thing, against the peace," etc. (Italics supplied.)

On the trial it was shown, as stated in the opinion of the Court of Appeals, that the defendant broke the lock holding the pump handle of the gasoline tank, releasing the handle, and operated the pump handle, causing the pump to draw from the tank, gasoline standing therein.

The gasoline pump was connected to an underground tank or container in which gasoline was kept for sale, and was not inclosed by walls or roof, and the question of controlling importance is whether or not it was a "structure" within the purview of the statute defining the offense of burglary.

At common law, burglary is an offense, not against the property merely, as property, but against the security of habitation, and as was observed in Anderson v. State, 48 Ala. 665, 666, 17 Am. Rep. 36: "'The word burglary,' says Mr. Chitty in his excellent and accurate treatise on criminal law, 'is a compound of the Saxon term *"burgh,"* a house, and *"laron,"* theft; and originally signified no more than a robbery of a dwelling; but it is now defined to be *the breaking and entering the house of another in the night-time with intent to commit a felony,* whether the felony be actually committed or not.'"

In Walker v. State, 63 Ala. 49, 35 Am. Rep. 1, the court, in construing and applying section 4343 of the Code of 1876, which has been brought forward in the several Codes without change, now section 3479 of the present Code, made the following observation: "The statute employs the words, *'breaks into and enters;'* and these are borrowed from the common-law definition of burglary. They must be received with the signification, and understood in the sense, given them at common law. 'There must, in general,' says Blackstone, 'be an actual breaking, not a mere legal *clausum fregit* (by leaping over invisible ideal boundaries, which may constitute a civil trespass), but a substantial and forcible irruption.' The degree of force or violence which may be used is not of importance—it may be very slight. The lifting the latch of a door; the picking of a lock, or opening with a key; the removal of a pane of glass, and, indeed, the displacement or unloosing of any fastening, which the owner has provided as a security to the house, is a breaking—an *actual breaking*—within the meaning of the term as employed in the definition of burglary at common law, and as it is employed in the statute."

 The word "structure" *is* defined by Webster's New International Dictionary as "Something constructed or built, as a building, a dam, a bridge; esp., *a building of some size;* an edifice." (Italics supplied.)

It must be conceded that a gasoline pump connected with an underground gasoline tank in which gasoline is kept for use or sale is a structure within the general definition of "something constructed or built"; but this is equally true as to a pump in a well designed for drawing water therefrom, or a hydrant connected with a water tank designed for drawing water—a thing of value kept for use —and it would be equally as plausible to say that to release the handle of a pump fastened with a latch or other contrivance to prevent its use, or the turning of a valve of a hydrant, is a breaking and entry, and, if accompanied with the intent to steal, constitutes burglary, as to hold that the breaking of a lock on a gasoline tank, and turning the pump handle, accompanied with such intent, is burglary.

Applying the rule of strict construction, applicable to criminal statutes, and the maxim *"Ejusdem generis,"* our judgment is that a "structure" within the meaning of the statute must have the same characteristics of the structures specifically named in the statute— must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material—and must be susceptible of being entered by a human being. 9 C. J. 1027, § 43. A gasoline pump is not such a structure. People v. Lamphere, 219 App. Div. 422, 219 N. Y. S. 390.

The opinion of the Court of Appeals is not in accord with these views. The writ of certiorari is, therefore, granted, and the judgment of that court reversed, and the cause remanded to the Court of Appeals for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.