208 So.2d 92

**Joe Edward HULBERT et al.**

**v.**

**STATE.**

**5 Div. 685.**

Supreme Court of Alabama.

Feb. 12, 1968.

GOODWYN, Justice.

Two Judges of the Court of Appeals, pursuant to Code 1940, Title 13, Section 88,

have certified the following to the Supreme Court, viz:

"There is now pending in the Court of Appeals a case on appeal from the Circuit Court of Lee County styled Joe Edward Hulbert and Ernest Frank Hartsfield v. State, 5 Div. 685, submitted on October 5, 1967.

"The judges of this court are unable to reach a unanimous conclusion in this case because of their disagreement as to the sufficiency of the indictment under which appellant was tried and convicted, which reads as follows:

" 'The Grand Jury of said County charge that before the finding of this indictment, Joseph Edward Hulbert, alias Joe Hulbert, and Ernest Frank Hartsfield, alias Frank Hartsfield, whose true christian names are otherwise unknown to the Grand Jury, did, in the daytime, with intent to steal, break into and enter a structure or enclosure, to-wit: a pay *telephone*, which was specially constructed or made to keep goods, wares or monies, and in which valuable things, to-wit: currency coins of the United States of America were kept for use or deposit, said pay telephone being in the possession of Southern Bell Telephone and Telegraph Company, a corporation, and located at the site of Andy's Motel in Opelika, Alabama; against the peace and dignity of the State of Alabama.' (Emphasis ours.)"

'The quandary occasioned arises from the question of the proper interpretation to be given the word 'telephone' as used within the indictment. The question being whether or not the word 'telephone' satisfied the requirements of the statute defining second degree burglary as being a 'structure' when said telephone is attached to and is within an outdoor public booth which stands apart and separate from any other building.

"See Annotation 78 A.L.R.2d 778; Chaney v. State, 225 Ala. 5, 142 So. 104; Code of Alabama, 1940, Tit. 14, Sec. 86;

and Love v. State, 52 Tex.Crim. 84, 105 S.W. 791."

Apparently, answers are sought to two questions. The first is whether the indictment, in charging the breaking into and entering "a pay *telephone*," sufficiently charges the offense of burglary in the second degree as defined in Code 1940, Title 14, Section 86. The second question is whether "the word 'telephone' satisfied the requirements of the statute defining second degree burglary as being a 'structure' when said telephone is attached to and is within an outdoor public booth which stands apart and separate from any other building."

As to the first question, see Chaney v. State (1932) 225 Ala. 5, 6, 142 So. 104, 105, where, in discussing § 3479 of the 1923 Code (included in the 1940 Code, in respects here material, as § 86, Title 14, supra), this court said:

"Applying the rule of strict construction, applicable to criminal statutes, and the maxim '*Ejusdem generis*,' our judgment is that a 'structure' within the meaning of the statute must have the same characteristics of the structures specifically named in the statute—must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material—and must be susceptible of being entered by a human being. * * * A gasoline pump is not such a structure."

This holding calls for a negative answer to the first question.

The second question does not call for an answer. The indictment charges the defendants with breaking into and entering the telephone itself. It does not charge that the telephone was "attached to and * * * within an outdoor public booth" which stood "apart and separate from any other building."

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.