208 So.2d 94

**Joe Edward HULBERT et al.**

v.

**STATE.**

**5 Div. 685.**

Court of Appeals of Alabama.

March 5, 1968.

W. F. Horsley and Samford, Torbert & Denson, Opelika, for appellants.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellants were indicted by the Grand Jury of Lee County, Alabama, for the offense of second degree burglary. After entering a plea of not guilty, they were tried by a jury and found guilty as charged and sentenced to ten years in the penitentiary. They now appeal.

The indictment under which appellants were tried reads as follows:

"The Grand Jury of said County charge that before the finding of this indictment, Joseph Edward Hulbert, alias Joe Hulbert, and Ernest Frank Hartsfield, alias Frank Hartsfield, whose true christian names are otherwise unknown to the Grand Jury, did, in the daytime, with intent to steal, break into and enter a structure or enclosure, to-wit: a pay *telephone* which was specially constructed or made to keep goods, wares or monies, and in which valuable things, to-wit: currency coins of the United States of America were kept for use or deposit, said pay telephone being in the possession of Southern Bell Telephone and Telegraph Company, a corporation, and located at the site of Andy's Motel in Opelika, Alabama; against the peace and dignity of the State of Alabama." (Emphasis ours.)

This court, pursuant to Code of Alabama, 1940, Tit. 13, Sec. 88, certified to the Supreme Court of Alabama the following question:

"whether or not the word 'telephone' satisfied the requirements of the statute defining second degree burglary as being a 'structure' when said telephone is attached to and is within an outdoor public booth which stands apart and separate from any other building."

Justice Goodwyn, speaking for the Supreme Court of Alabama, broke this question into two parts; the first being, "whether the indictment, in charging the breaking into and entering 'a pay telephone,' sufficiently charges the offense of burglary in the second degree as defined in Code [of Alabama], 1940, Title 14, Section 86;" and the second being, "whether the word 'telephone' satisfied the requirements of the statute defining second degree burglary as being a 'structure' when said telephone is attached to and is within an outdoor public booth which stands apart and separate from any other building."

In answer to the first question, the Alabama Supreme Court held in the negative. In answer to the second, the Court stated that it did not call for an answer as the indictment charges the appellants with breaking into and entering the telephone itself; that it did not charge that the telephone was "attached to and * * * within an outdoor public booth" which stood "apart and separate from any other building." The Supreme Court cited as its authority Chaney v. State (1932), 225 Ala. 5, 6, 142 So. 104, 105, wherein the court stated in part the following:

"Applying the rule of strict construction, applicable to criminal statutes, and the maxim 'Ejusdem generis,' our judgment is that a 'structure' within the meaning of the statute must have the same characteristics of the structures specifically named in the statute—must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material—and must be susceptible of being entered by a human being."

 We, therefore, conclude that a telephone, per se, is not within that class of "structures" defined by Tit. 14, Sec. 86, Code 1940. Thus, the indictment under which appellants were convicted is void for failure to describe a "structure" as required by the statute defining second degree burglary. It necessarily follows that the judgment of conviction cannot stand on such a faulty indictment. Mitchell v. State, 248 Ala. 169, 27 So.2d 36.

Therefore, the judgment in this cause is due to be reversed and the cause remanded.

Reversed and remanded.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.