288 So.2d 450

**Dwight BAGWELL**

**v.**

**STATE.**

**6 Div. 650.**

Court of Criminal Appeals of Alabama.

Dec. 11, 1973.

**664**

———◆———

B. J. McPherson, Oneonta, for appellant.

William J. Baxley, Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted and convicted of burglary in the second degree, which is defined and prohibited under Title 14, § 86, Recompiled Code 1958. The trial court fixed the punishment at three years imprisonment. The pertinent part of the indictment reads as follows:

" * * * The Grand Jury of said County charge that before the finding of this Indictment Dwight Bagwell did with intent to steal, broke [sic] into and entered [sic] a coin operated washing machine, a structure, or enclosure, specially constructed or made to deep [sic] goods, merchandise, or other valuable things, the property of Fred Crumbly d/b/a Crumbly Coin Laundry, Blountsville, Alabama, contrary to law and against the peace and dignity of the State of Alabama. * * *"

The subject of the burglary as appears in the indictment was a coin operated washing machine alleged to be a "structure." The building that houses the washing machine was not made the subject of the alleged burglary. The washing machine, set in motion by the insertion of a coin, is not a "structure" as alleged in the indictment. In Hulbert et al. v. State, 281 Ala. 712, 208 So.2d 92, the Supreme Court, responding to an inquiry by this court, quoted with approval from Chaney v. State, 225 Ala. 5, 6, 142 So. 104, 105,

where the court, in discussing Section 3479 of the 1923 Code (now § 86, supra), observed as follows:

" 'Applying the rule of strict construction, applicable to criminal statutes, and the maxim "Ejusdem generis," our judgment is that a "structure" within the meaning of the statute must have the same characteristics of the structures specifically named in the statute—must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material—and must be susceptible of being entered by a human being. * * * A gasoline pump is not such a structure.' "

This court in Hulbert et al. v. State, 44 Ala.App. 300, 208 So.2d 94, responding to the opinion of the Supreme Court, supra, reversed and remanded the judgment con-

victing the defendant who had been indicted for burglarizing a pay "telephone."

Defendant's motion, made when the state rested, to exclude all the evidence should have been granted. Title 14, § 86, supra, does not make a washing machine the subject of burglary. Failure to grant the motion to exclude was error.

The judgment of conviction and sentence in the instant case is reversed and the cause is remanded.

The foregoing opinion was prepared by the Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.