310 So.2d 258

**Eugene CARTWRIGHT, alias**

**v.**

**STATE.**

**4 Div. 326.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Lloyd Eugene Cartwright, and Joey Thompson, whose names to the Grand Jury are otherwise unknown did, with intent to steal, break into and enter the office of the State of Alabama Highway Department, Andalusia, Alabama, the property of the State of Alabama Highway Department, in which goods, wares, or merchandise were kept for use, sale or deposit, against the peace and dignity of the State of Alabama."

There was no demurrer to the indictment even though Adams v. State, 13 Ala.App. 330, 69 So. 357, and Norman v. State, 13 Ala.App. 337, 69 So. 362, were not followed in averring ownership of the violated structure so as to negative Cartwright (or Thompson) being an occupant with authority to enter.

For the sake of future pleadings where breaking and entering of a public building is to be charged, we advert to a discussion of the considerations involved.

First, at common law, burglary was the breaking and entering in the nighttime of a mansion house, i. e., an inhabited dwelling, with intent to steal or commit felony. Therefore, our statutory second degree burglary having no common law antecedent must be strictly construed within the words used. C. f., Hulbert v. State, 281 Ala. 712, 208 So.2d 92 (pay phone); Bagwell v. State, 51 Ala.App. 663, 288 So. 2d 450 (coin operated washing machine).

Second, not all parts of public buildings can be thought of as being closed to the public. Consent, or even invitation, to enter lobbies, corridors and waiting rooms on public business there conducted at reasonable hours may be implicit. Certainly a tax collector ordinarily welcomes the public, not only for their money but also as potential voters.

Conversely, for the protection of public property and personnel after working hours, the legal custodian of a public building would seem to have the inherent power

---

Tipler, Fuller & Barnes, Andalusia, for appellant.

William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for the State, appellee.

CATES, Presiding Judge.

Second degree burglary: sentence, five years imprisonment.

Cartwright according to the State's proof was in the company of Randy Flower and Joey Thompson when one of the trio jimmied the lock on a building used by the State Highway Department. A jug of pennies and other property was taken.

The instant indictment reads:

"The Grand Jury of said County charge that before the finding of this indictment, that Eugene Cartwright, alias

to regulate the coming and going of visitors.

■ When we combine these two concepts by adverting particularly to Code 1940, T. 14, § 86, the second degree burglary statute, we note that the use to which the particular "apartment," office, or suite of offices in a public building is put determines whether or not there is second degree burglary.

Some open corridors, lobbies and vestibules in a public building, such as a post office, may be open at all hours to the general public and yet various rooms containing furniture, working files, etc., may be behind locked doors. A breaking and entering of the stamp cage in a post office should not be palliated by the fact that the front door and the lobby of the building were open. Quinn v. State, 39 Ala.App. 107, 95 So.2d 273 (particularly defendant's confession, p. 110).

Though the Georgia statute uses somewhat different expressions, yet the reasoning of the Court of Appeals in Davenport v. State, 27 Ga.App. 284, 108 S.E. 131, and in Stinson v. State, 65 Ga.App. 592, 16 S. E.2d 111, is apt. We quote from *Stinson:*

"The motion in arrest of judgment was made on the grounds * * * that the indictment alleges that a public school was broken into and entered, and that under the law of Georgia it is not burglary to break and enter a public building with intent to steal, unless it is alleged that the building was broken and entered at a time when the public was not entitled to be in the building; * * *

" * * * We think this case comes clearly within the rule in Davenport v. State, 27 Ga.App. 284, 108 S.E. 131, as follows: 'The words "place of business," as used in the statute defining burglary, mean any house occupied as a place of business by another, in which valuable goods are contained, and this is so re-

gardless of whether such place of business be located in a private or public building.' * * * *"

In the *Adams* and *Norman* cases, supra, the State Health Officer having a suite of offices with a locked door was held to be the person in possession for the purpose of pleading and proof.

These two cited cases indicate the particular need for the protection of the burglary statute extending to quarters used for public business. The purpose there of the defendant's breaking and entering was to substitute presumably more correct answers in a medical entrance examination. After the employees and officers using the premises have left for the day or on holiday, certainly it is in the public interest that the general public be denied access to such offices under the penalty of second degree burglary for breaking and entering for an illegal purpose.

Cartwright, after *Miranda* warnings and in an uncoerced atmosphere (as shown by the State's proof) made the following inculpatory statement which he signed:

"I Eugene Cartwright along with Randy Flower and Joey Thomason [sic] went to the state's yard on the night of January 15 and took a jug of pennies and 3 guns, and took them to Joey's father-in-law house and buried them. and I don't know if he moved them or not. There was no force made or promises in this statement. I did make this statement on my free will. Eugene Cartwright."

Cartwright took officers to the hiding place of the money. (R. 26) See Breazeale v. State, 51 Ala.App. 320, 285 So.2d 130.

We have carefully considered the entire record under Code 1940, T. 15, § 389. The judgment below is

Affirmed.

All the Judges concur.