460 So.2d 1371 (1984)
Ex parte Alvin L. SCOTT.
(re Alvin Scott v. State of Alabama).
82-1076.
Supreme Court of Alabama.
July 20, 1984.
Rehearing Denied September 14, 1984.
*1372 W.E. Garrett, Atmore, for petitioner.
Charles A. Graddick, Atty. Gen., and Richard L. Owens, Asst. Atty. Gen., for respondents.
PER CURIAM.
We granted certiorari in this case to determine whether the Court of Criminal Appeals was correct in upholding the conviction of Alvin L. Scott for theft of property in the second degree.
Defendant Scott was indicted for violation of Code 1975, § 13A-8-4, theft of property in the second degree, and convicted pursuant thereto in the Circuit Court of Baldwin County. After a hearing, defendant was adjudged a habitual offender, and subsequently sentenced to life imprisonment in the penitentiary. Defendant's conviction stems from the following facts:
On or about January 19, 1982,[1] at approximately one o'clock in the morning, two men (one of whom was identified as the defendant) were seen outside Weekley's Grocery Store in Perdido, Alabama. Witnesses testified that the two men were standing around a pickup truck which was equipped with a pump and tank. A hose was running from the truck to Weekley's underground gasoline storage tank. One of the witnesses saw the men remove the hose from the storage tank, put it in the truck, and leave the scene. A deputy sheriff testified that, upon his arrival at Weekley's Grocery Store, he was met by defendant, who then threatened his life with a stick of dynamite if he revealed defendant's identity.
*1373 Defendant's accomplice in the theft testified at trial that he and defendant were at the store and did steal the gas, and that they had done so on other occasions.
The issues presented for our review are as follows:
(1) Whether the testimony presented at trial properly corroborated the testimony of the accomplice.
(2) Whether the evidence was sufficient to allow the case to go to the jury on a second degree theft of property charge.
(3) Whether the trial court erred in allowing prior convictions to be used in the habitual criminal sentencing hearing.
(4) Whether the Court of Criminal Appeals has the burden of searching the record for error.
After a thorough review of the issues presented, we agree with the defendant that the Court of Criminal Appeals was in error and that its judgment is due to be reversed as to issue (2). The judgment of the Court of Criminal Appeals, 460 So.2d 1364, is, therefore, reversed.

I
Defendant contends that his conviction should be overturned, as a conviction based on the uncorroborated testimony of an accomplice, in violation of § 12-21-222 of the 1975 Alabama Code. We disagree, for the reasons stated below.
Ware v. State, 409 So.2d 886 (Ala.Cr. App.1981), set forth a test for us to follow concerning corroboration of accomplice testimony:
"The test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense."
Id., at 891. Citing Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973). Such corroborative evidence does not have to be very strong, or even sufficient to support a conviction, but merely must logically tend to link the accused with the offense. Miller v. State, supra. Three witnesses testified that the defendant was at Weekley's Grocery Store on January 19, 1982. The defendant was seen near a truck with a gas tank in its bed, which tank was connected to the Weekley's underground gasoline storage tank by a hose. The owner of the store testified as to the amount of gas missing after the incident. Evidence was also offered to show that defendant, before he left the scene of the crime, threatened bodily injury to one of the witnesses if he ever revealed defendant's identity.
We agree with the Court of Criminal Appeals that the testimony of the accomplice has been properly corroborated in this case.

II
Defendant was indicted for the theft of property in violation of Code 1975, § 13A-8-4(e), which reads:
"The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree."
Defendant maintains that an underground storage tank is not a "building," and, therefore, that the trial judge erred in allowing the case to go to the jury on a second degree theft of property count.
The legislature did not include a definition of the word "building" in Chapter 8 of the Criminal Code, which sets forth those offenses involving theft, but the legislature did define "building" in Chapter 7 of the Criminal Code, as follows:
"(2) BUILDING. Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein. Where a building consists of two or more units separately occupied or secured, each *1374 shall be deemed both a separate building and a part of the main building."
Code 1975 § 13A-7-1(2).
Defendant argues that an underground gasoline storage tank is not a building, as defined in § 13A-7-1(2), because it cannot be entered by a person. He also cites Chaney v. State, 225 Ala. 5, 142 So. 104 (1932), to support his argument that the gasoline tank was not a "building."
In Chaney, this Court held that a gasoline pump was not a building within the meaning of the term as defined in the burglary section of the Criminal Code.
We are persuaded that defendant's argument is sound, and we hold that the underground gasoline storage tank here involved is not a "building" within the meaning of § 13A-8-4(e), because it is not a structure which may be "entered and utilized by persons...."
By holding that the underground storage tank here involved is not a "building," we should not be understood as holding that a person cannot commit a theft from a "building" unless he physically enters the building. A person may commit a theft from a "building" or other structure by using an instrument or tool to effectuate the entry, so long as the instrument or tool is inserted into the "building" or structure for the purpose of perpetrating the theft. Perry v. State, 407 So.2d 183 (Ala.Cr.App. 1981); Walker v. State, 63 Ala. 49 (1869). In fact, under the facts of this case, even though the defendant did not physically enter the gasoline storage tank, he, nevertheless, could have been convicted of theft. As a matter of fact, if the value of the property stolen had exceeded $100.00 in value, he could have been charged with theft of property in the second degree pursuant to the provisions of § 13A-8-4(a), which reads:
"(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree."
It is undisputed, however, that the value of the property did not exceed $100.00 in value; therefore, he could not be convicted of theft of property in the second degree.
The judgment of the Court of Criminal Appeals to the contrary is due to be reversed.

III
An answer to defendant's argument, that the trial court erred in allowing prior convictions to be used in a habitual felony offender hearing, can be found in the recent case of Jones v. State, 431 So.2d 1367 (Ala.Crim.App.1983).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), states that before a trial judge may sentence a defendant following a plea of guilty, he must inquire if the defendant's plea has been given knowingly and voluntarily. However, this rule of law has no application to the instant case. It only applies during the sentencing of the defendant following his guilty plea. There is no authority that these matters must be reviewed when that conviction is used pursuant to the Habitual Offender Act.
"A plea of guilty is a conviction itself. This is not the proper forum for attacking a prior conviction used during a habitual offender hearing. The proper forum for attacking the validity of a prior conviction would be by a petition for a writ of error coram nobis. See Mayola v. State, 337 So.2d 105 (Ala.Cr.App. 1976)."
Id., at 1372. The principle stated in Jones is applicable in this case, and resolves the issue. The trial judge did not err by allowing prior convictions to be used at the sentencing hearing.

IV.
The final issue raised for our review is whether the Court of Criminal Appeals must search the record in order to find any existing error. Since the adoption of Rule 45B, A.R.A.P., effective as to appeals filed subsequent to January 1, 1982, the Court of Criminal Appeals has been under no *1375 obligation in a non-capital case to consider questions or issues not presented in brief on appeal. See Rule 45B, A.R.A.P., and Hoppins v. State, 451 So.2d 365 (Ala.1983). While that court may still consider obvious errors not argued, see Hoppins, the "search the record rule" is now applicable only in cases in which the death penalty has been imposed. Rule 45A, A.R.A.P.
The judgment of the Court of Criminal Appeals is due to be reversed because that court incorrectly determined that the defendant could be convicted of theft in the second degree.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
EMBRY and ADAMS, JJ., dissent.

ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing, the state calls to our attention our original opinion's failure to mention lesser included offenses. We now extend our original opinion to correct that oversight.
As the state correctly points out, third degree theft, Code 1975, § 13A-8-5, which consists of the theft of property which does not exceed $100 in value and which is not taken from the person of another, is a lesser included offense of second degree theft. Code 1975, § 13A-8-4. The state contends that even though, as our original opinion held, Scott was not guilty of second degree theft, all of the elements of third degree theft were proved at trial. We agree.
The record clearly shows that the trial court properly charged the jury as to third degree theft and the evidence clearly supports a finding that Scott committed theft of property not exceeding $100 in value which was not taken from the person of another.
Therefore, while reaffirming our previous reversal of Scott's second degree theft conviction, we find sufficient evidence to support a conviction for third degree theft. Consequently, we remand to the Court of Criminal Appeals for a judgment not inconsistent with our findings. Ex parte Edwards, 452 So.2d 503 (Ala.1983), on remand, 452 So.2d 506 (Ala.Cr.App.1983), affirmed, 452 So.2d 508 (Ala.1984).
ORIGINAL OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
EMBRY and ADAMS, JJ., dissent.
NOTES
[1] Conflicting evidence existed at trial concerning the date of the offense. The jury was instructed by the court to consider whether the conflicting testimony would materially affect defendant's trial and consequently render it unfair.