47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles LAFITY, Defendant-Appellant.
 No. 94-5434.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 24, 1995.
Decided: February 13, 1995.
 
 John R. Angotti, ANGOTTI & STRAFACE, Morgantown, WV, for Appellant. Michael D. Stein, UNITED STATES ATTORNEY'S OFFICE, Wheeling, WV; David J. Horne, Assistant Chief Counsel's Office, BUREAU OF ALCOHOL, TOBACCO & FIREARMS, Cincinnati, OH, for Appellee.
 Before ERVIN, Chief Judge, and WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Lafity appeals his conviction and sentence for violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1994) (felon in possession of a firearm) on the following two grounds: (1) that the trial judge improperly read the indictment, containing details of Lafity's prior convictions, to the panel of prospective jurors, and (2) that his sentence was improperly enhanced pursuant to 18 U.S.C.A. Sec. 924(e) (West Supp.1994), predicated upon an Alabama conviction for second degree burglary that was not a "violent felony" within the meaning of the statute. Finding Lafity's grounds for appeal unpersuasive, we affirm.
 
 I.
 
 2
 At Lafity's jury trial, the district court addressed a panel of prospective jurors and began its remarks by reading the indictment, which referred to three previous convictions, each of which satisfied the requisite predicate of Sec. 922(g): (1) a 1968 Alabama conviction for burglary, (2) a 1971 Ohio conviction for burglary, and (3) a 1975 Ohio conviction for felonious assault.
 
 
 3
 The court was interrupted by the prosecutor after reading the first two prior convictions listed in the indictment. In a bench conference, the prosecutor stated that the Government would prove only the third conviction, the 1975 assault, and would not introduce evidence regarding the first two convictions. Defense counsel neither objected nor moved for a mistrial. At the next bench conference, the prosecutor indicated that defense counsel was aware, before the proceedings began, that the Government intended to prove only one prior conviction. Defense counsel did not contradict the prosecutor's statement.
 
 
 4
 Immediately following the first bench conference, the court made the following statement to the prospective jurors:
 
 
 5
 The purpose of our meeting here at the bench at this time was that Mr. Horne, Special Assistant U.S. Attorney, who will be trying this case has now advised us that the Government will only rely upon one conviction. The two that were just mentioned to you, one and two, disregard those and they will be removed from the face of the Indictment.
 
 
 6
 After the jury had been chosen, the court gave the jury preliminary instructions including the following:
 
 
 7
 The case is based upon a Indictment and from your jury selection process you have become familiar with the nature of the charges contained in the Indictment. As earlier pointed out to you, you must distinctly understand that an indictment is simply a charge and is not, in any sense of the word, evidence of the allegations that it contains. An indictment is merely a formal method of accusing a person or persons of a commission of an offense or offenses.
 
 
 8
 Lafity contends that his conviction should be reversed, because the court's reference to his prior convictions deprived him of a fair trial. Because defense counsel failed to object to the reading of the indictment, this Court reviews the issue only for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993); United States v. Jarvis, 7 F.3d 404, 410 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3574 (U.S.1994); Fed.R.Crim.P. 52(b). The authority to correct plain errors under rule 52(b) "is to be applied 'sparingly' and saves only 'particularly egregious errors' in those circumstances 'in which a miscarriage of justice would otherwise result.' " Jarvis, 7 F.3d at 410 (quoting United States v. Young, 470 U.S. 1, 15 (1985)).
 
 
 9
 Even if the court's statement was improper, the court took immediate corrective action by instructing the jury panel to disregard the two prior convictions. Subsequently, the court reminded the jury that the indictment was not evidence. At no point during voire dire or the trial did Lafity's counsel suggest that the court's instruction was inadequate, nor did he ever request a mistrial.
 
 
 10
 Lafity's assertion that the court's error was incurable is incorrect. The court's instruction to disregard the comments cured the error, if any. See United States v. Fragoso, 978 F.2d 896, 902 (5th Cir.1992), cert. denied, 61 U.S.L.W. 3668 (U.S.1993). Furthermore, any remaining prejudice could not have affected the outcome of this case. The evidence against Lafity was overwhelming. The uncontradicted testimony and documentary evidence show that, after shooting another man, Lafity, a convicted felon, was arrested with a pistol on his person. We therefore find that the trial court's inadvertent comments did not result in a miscarriage of justice.
 
 II.
 
 11
 Lafity also challenges the enhanced sentence he received pursuant to Sec. 924(e), predicated upon three prior convictions which the district court found to be "violent felon[ies]" within the meaning of the statute. The three "violent felon[ies]" consisted of a second degree burglary conviction in Alabama, and an assault conviction and a gross sexual imposition conviction in Ohio. Lafity does not contest the validity of the Ohio convictions, but he does contest the Alabama burglary conviction.
 
 
 12
 The issue on appeal is whether Lafity's Alabama burglary conviction is a "burglary" within the meaning of Sec. 924(e)(2)(B)(ii). The issue is subject to de novo review. United States v. Haynes, 961 F.2d 50, 51 (4th Cir.1992).
 
 
 13
 The Supreme Court provided the following "generic" definition for burglary as that term appears in the enhancement provision: "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). The Court explained that burglary convictions from states whose definitions are over-inclusive or "nongeneric" may not generally be considered for sentence enhancement. For example, statutes that define burglary by including places other than buildings, such as automobiles or vending machines, are overbroad. Id. at 599.
 
 
 14
 Lafity contends that the applicable Alabama statute is overbroad, and may not be used for sentence enhancement, because it permits conviction for breaking into and entering "enclosures," in addition to buildings and structures. However, the Supreme Court of Alabama has held that, in order for an indictment to sufficiently charge second degree burglary, the place that was broken into and entered "must consist of four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material--and must be susceptible of being entered by a human being." Hulbert v. Alabama, 208 So.2d 92, 93-94 (Ala.1968) (quoting Chaney v. Alabama, 142 So. 104, 105 (1932)). Furthermore, Alabama strictly construes its second degree burglary statute. Cartwright v. Alabama, 310 So.2d 258, 259 (Ala.Crim.App.1975); see also Hulbert, 208 So.2d at 93-94 (indictment charging breaking into and entering a telephone booth is insufficient); Bagwell v. Alabama, 288 So.2d 450 (Ala.Crim.App.1973) (washing machine is not "structure or enclosure").
 
 
 15
 The statutes that courts have found to be overly broad, with regard to the place where the burglary occurs, have extended to railroad cars, vehicles, vending machines or boats. See, e.g., United States v. Barney, 955 F.2d 635, 639 (10th Cir.1992); United States v. Strahl, 958 F.2d 980, 983 (10th Cir.1992); United States v. Payton, 918 F.2d 54, 55 (8th Cir.1990); see also Taylor, 495 U.S. at 591 (California and Texas statutes defining burglary to include theft from automobiles or vending machines do not define "generic burglary"). The Alabama statute does not extend to any of the places described above. Accordingly, we find that the Alabama second degree burglary statute "corresponds in substance to the generic meaning of burglary." Taylor, 495 U.S. at 599.
 
 
 16
 We have granted the motion to submit the case on the briefs and consequently dispense with oral argument. We affirm the decision of the district court.
 
 AFFIRMED