[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14594
Non-Argument Calendar

_____

D.C. Docket Nos. 2:14-cv-00242-WKW-WC; 2:12-cr-00032-WKW-WC-1

TERRY DON NORTHCUTT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 7, 2018)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Terry Don Northcutt, a federal prisoner proceeding with the assistance of

counsel, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence.  On appeal, Northcutt argues that the district

court erred in dismissing his § 2255 motion because 1972 Alabama second-degree burglary is not an Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), predicate offense, under the statute's use-of-force or enumerated offenses clauses, after the Supreme Court's decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015), and that his counsel at sentencing was constitutionally deficient for conceding at sentencing that his 1972 Alabama second-degree burglary conviction qualified as an ACCA predicate offense. After thorough review, we affirm.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

First, we are unpersuaded by Northcutt's claim that his 1972 Alabama second-degree burglary is not an ACCA predicate offense under the statute's use-of-force or enumerated offenses clauses. Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has 3 or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory-minimum 15-year sentence. See 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

Id. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court in Johnson held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.  135 S. Ct. at 2557-58, 2563.  Thereafter, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1264-65, 1268 (2016).

Although the ACCA's enumerated crimes clause includes the offense of burglary, not all state burglary statutes qualify as "burglary" under the ACCA.  See Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).  In listing those offenses, Congress referred only to their usual or generic versions -- not to all variants of the offenses. See id. The Supreme Court established a uniform burglary definition, holding that the generic meaning of burglary contained "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990).  Thus, a person has been convicted of burglary, for purposes of an ACCA enhancement, if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with

3

intent to commit a crime.  See id. at 599.  The Supreme Court explained that burglary convictions from states whose definitions are over-inclusive or "nongeneric" may not generally be considered for sentence enhancement -- including, for example, statutes that define burglary by including places other than buildings, like automobiles -- are overbroad.  Id.

> Here, the applicable Alabama statute defined second-degree burglary as:
>
> Any person who, in the daytime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house or any other house or building which is occupied by any person lodged therein, or any person who, either in the nighttime or daytime, with intent to steal or to commit a felony, breaks into and enters any uninhabited dwelling house, or any building, structure or enclosure within the curtilage of any dwelling house, though not forming any part thereof, or into any shop, store, warehouse or other building, structure or enclosure in which any goods, wares, merchandise, or other valuable thing is kept for use, sale, or deposit, provided such structure or enclosure other than a shop, store, warehouse, or building is specially constructed or made to keep such goods, wares, merchandise, or other valuable thing, is guilty of burglary in the second degree and shall on conviction be imprisoned in the penitentiary for not less than one year, nor more than ten years.

Ala. Code Tit. 14, § 86 (1940) (emphases added).

Our reading of the plain language of the statute reveals that 1972 Alabama second-degree burglary is not broader than generic burglary, and in compliance with Taylor, criminalizes unauthorized entry into, or remaining in, a building or other structure, with intent to commit a crime therein.  See id.  Notably, the statute criminalizes breaking and entering buildings and structures within the curtilage, not

4

entry into the curtilage alone.  Moreover, Alabama case law has expressly interpreted the term "structure" narrowly, requiring it to "have the same characteristics of the structures specifically named in the statute," namely, "four walls and a roof, and, if not resting on the earth's surface as a floor, must have a floor of other material -- and must be susceptible of being entered by a human being."  Hulbert v. Alabama, 208 So. 2d 92, 93-94 (Ala. 1968) (quoting Chaney v. Alabama, 142 So. 104, 105 (Ala. 1932)).

Northcutt primarily claims that the statute is broader than generic burglary because it criminalizes breaking and entering "enclosures within the curtilage," and because the Alabama case law only addresses the definition of the word "structure" as it is used in the statute, and not the word "enclosure."  But Northcutt cites no case law to support his claim that Alabama courts define "enclosure" any more broadly than they define "structure," and our research has revealed no authority to this effect. Rather, the only case we've located -- an unpublished one from the Fourth Circuit -- has held that the 1972 Alabama definition of second-degree burglary corresponded to the generic definition, and squarely rejected this argument.  United States v. Lafity, 47 F.3d 1166, *6-7 (4th Cir. 1995) (per curiam) (unpublished).  Thus, because 1972 Alabama second-degree burglary is substantively similar to, or narrower than, generic burglary, we hold that Northcutt's 1972 Alabama second-

5

degree burglary offense qualifies as an ACCA predicate offense under the enumerated offenses clause.

Nor do we agree with Northcutt's claim that his sentencing counsel was constitutionally deficient for conceding that his 1972 Alabama second-degree burglary conviction qualified as an ACCA predicate offense. The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defen[s]e." U.S. Const. Amend. VI. The mere physical presence of an attorney for the defendant at trial is not sufficient to satisfy this constitutional requirement. Instead, the right to counsel is the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685-86 (1984). A defendant is entitled to the effective assistance of counsel not only during the guilt or innocence phase of a criminal trial, but also during sentencing. See Jones v. United States, 224 F.3d 1251, 1259 (11th Cir. 2000). A prisoner alleging ineffective assistance of counsel must prove his case by a preponderance of the competent evidence, which is a heavy burden but not an insurmountable one. Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001).

The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. To make a showing, a prisoner must prove two things.

6

First, the prisoner must show that counsel's performance was deficient. Second, the prisoner must establish that the deficient performance prejudiced the defense. Id. at 687. To satisfy this second prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, the district court did not err in finding that Northcutt's trial counsel was not constitutionally deficient. First, as we've already held, 1972 Alabama second-degree burglary is an ACCA predicate offense under the enumerated offenses clause, making it unlikely he was prejudiced by his counsel's concession at sentencing. Moreover, the record indicates that Northcutt's counsel made a strategic decision at sentencing to argue that the government failed to prove the conviction, which if successful, would have resulted in Northcutt being sentenced under the lesser guideline range. Id. at 693. Accordingly, Northcutt has failed to prove that his counsel's performance was deficient or that he faced prejudice based on that deficiency, and we affirm.

**AFFIRMED**.

7